Jamin S. Soderstrom, Bar No. 261054
jamin@soderstromlawfirm.com
SODERSTROM LAW PC
3 Park Plaza, Suite 100
Irvine, California 92614
Tel:   (949) 667-4700
Fax:  (949) 424-8091

*Counsel for Plaintiffs and the Proposed Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARIN and KEYAN BAGHERI, individually and on behalf of all others similarly situated, | Case No. 2:17-cv-05449 |
| Plaintiffs, | **COLLECTIVE ACTION AND CLASS ACTION COMPLAINT** |
| v. | |
| GENERAL ASSEMBLY SPACE, INC., | |
| Defendant. | **DEMAND FOR JURY TRIAL** |
| | |
| | Complaint:   July 24, 2017 |
| | Trial Date:   None Set |

Plaintiffs John Marin and Keyan Bagheri (collectively, "Plaintiffs") file this Collective Action and Class Action Complaint against Defendant General Assembly Space, Inc. ("Defendant") for misclassification of employees and related violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the California Labor Code ("Labor Code"), and the California Unfair Competition Law ("UCL"), and hereby allege as follows:

## I.    JURISDICTION & VENUE

1.    This Court has original jurisdiction over this action under 28 U.S.C. § 1331 because it is brought under the FLSA. This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because it is a class action in which: (i) there are 100 or more Class members; (ii) at least one Plaintiff or Class member has a different state of citizenship than Defendant; and (iii) the amount in controversy is more than $5,000,000. This Court is also empowered to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

2.    This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because the state law claims and the federal claims are so closely related that they form part of the same case or controversy under Article III of the United States Constitution.

3.    This Court has specific and general personal jurisdiction over Defendant because (i) it employed Plaintiffs, FLSA Collective members, and California Class members in California and committed violations in California that give rise to the causes of action included in this Complaint, and (ii) it maintains places of business in California and has purposefully availed itself of the privileges of conducting activities in the state of California, creating minimum contacts sufficient to confer jurisdiction and demonstrating that assumption of jurisdiction over it will not offend traditional notions of fair play and substantial justice or violate constitutional requirements of due process.

4.    Venue is proper in the Central District of California because a substantial portion of the events forming the basis of this lawsuit occurred in this district.

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

## II.    PARTIES

### A.    Named Plaintiffs

5.    John Marin is a resident and citizen of California. From May 2016 to March 2017, Marin worked for Defendant as a full-time instructor in Los Angeles, California. Defendant misclassified Marin as an independent contractor and did not pay him all the wages he was owed, provide him meal periods and rest breaks or premium pay in lieu thereof, maintain complete records, or provide accurate bi-monthly wage statements. Marin has signed a Consent to Join Collective Action which is attached as **Exhibit 1**.

6.    Keyan Bagheri is a resident and citizen of Virginia. From September 2014 to March 2015, Bagheri worked for Defendant as a part-time instructor associate in New York. From April 2015 to February 2016, Bagheri worked for Defendant as a full-time instructor in Los Angeles, California. In both positions, Defendant misclassified Bagheri as an independent contractor and did not pay him all the wages he was owed, provide him meal periods and rest breaks or premium pay in lieu thereof, maintain complete records, or provide accurate bi-monthly wage statements. Bagheri has signed a Consent to Join Collective Action which is attached as **Exhibit 2**.

### B.    Defendant

7.    Defendant General Assembly Space, Inc. is a New York corporation with its principal place of business in New York. Defendant has employed and willfully misclassified Plaintiffs and similarly situated employees as "independent contractors" and "exempt" employees during the relevant time periods.

## III.    BACKGROUND

8.    Defendant offers part-time and full-time technology training courses to adults who want to learn new computer skills or who are looking for help making a career transition. A 10-week part-time course currently costs around $4,000 and a 12-week full-time "immersive" course currently costs up to $16,000. Defendant's courses focus on coding, design, data, marketing, and business topics. Defendant offers its courses at numerous locations across the country, including multiple locations in California.

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

9. Defendant's courses are not accredited and do not lead to a degree, diploma, license, or certificate. To complete a course, participants simply need to complete 80% of homework assignments, receive a passing grade on any projects, maintain consistent attendance, and pay the course costs in full and on time. Participants who complete a course receive a "letter of completion."

10. Defendant employs a team of instructors for each course. An instructor may be a "lead instructor," "instructor," "instructor associate," or a similar title. Defendant requires instructors to have some relevant work experience, but it does not require instructors to have a formal degree or a specific educational background. Instructors are not required to be licensed or certified by California or any other state. Some instructors have been hired shortly after they completed the same course offering.

11. Defendant's lack of credential and experiential requirements creates a patchwork of course offerings and curricula and leads to inconsistency in instructor qualifications. Defendant also does not use academic or trade textbooks and materials, preferring to rely on individual instructors to create ad hoc lesson plans over which Defendant then claims ownership.

12. John Marin. John Marin started working for Defendant in May 2016 as a full-time lead instructor. Marin worked in that position for three consecutive 12-week immersive "data science" courses in Los Angeles, California. For each course, he was paid a fixed amount in monthly installments. Defendant did not give him a bi-monthly wage statement or keep track of his working hours. Marin routinely worked 12 to 16-hour work days and 70 to 80+-hour work weeks. His courses were five days a week, and he was generally required to be on location from 9 a.m. to 6 p.m. each day. He typically worked seven days a week on instruction, preparing instructional materials and lessons, speaking or meeting with students, prospective students, and other instructors, grading projects and homework, and attending marketing events. Defendant never paid him any overtime wages and never provided him off-duty, uninterrupted meal periods or rest breaks.

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

13.   At the end of Marin's third 12-week "immersive" course, Defendant terminated his employment without advance notice after leading him to believe his employment would continue at the same or a new location. Defendant replaced him with an instructor who was correctly classified as an employee but still misclassified as "exempt."

14.   After terminating Marin, Defendant opposed his application for unemployment insurance coverage based on its position that he was an independent contractor. Nevertheless, in June 2016, California's Employment Development Department (EDD) determined that Marin was Defendant's employee and awarded him unemployment benefits notwithstanding Defendant's misclassification.

15.   <u>Keyan Bagheri.</u> Bagheri started working for Defendant in September 2014 as a part-time instructor associate in New York for two 10-week "back-end web development" courses. In April 2015, he moved to Los Angeles, California and became a full-time instructor for three 12-week immersive "web development" courses. For each course and in each position, Bagheri was paid a fixed amount in monthly installments. Defendant did not give him a bi-monthly wage statement or keep track of his working hours. As a full-time instructor, Bagheri routinely worked over 50 hours each week and often more than 65 hours in a week. His courses were five days a week, and he was generally required to be on location from 9 a.m. to 6 p.m. each day. He typically worked seven days a week on instruction, preparing instructional materials and lessons, speaking or meeting with students, prospective students, and other instructors, grading projects and homework, and attending marketing events. Defendant never paid him any overtime wages and never provided him any off-duty, uninterrupted meal periods or rest breaks.

16.   At the end of Bagheri's third 12-week "immersive" course, Defendant terminated his employment without advance notice. Similar to Marin, Defendant also led Bagheri to believe his employment would continue at the same or a new location. Defendant replaced him with an instructor who was correctly classified as an employee but still misclassified as "exempt."

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

17.    <u>Numerous Violations.</u> Plaintiffs and many of Defendant's instructors are misclassified as independent contractors when they should be classified as nonexempt employees. Defendant maintains the right to control the details of the work performed by its instructors, and it actually does control the manner and means of each instructor's work. Instructors are not engaged in a distinct occupation or business, and providing course instruction is at the core of Defendant's business. Instructors are not required to be particularly skilled, licensed, or certified in their field, but are simply required to have some relevant work experience (or, in some cases, simply to have passed the same course offering previously). Instructors are required to participate in numerous non-instruction activities, including assisting with marketing events, interviewing students, and hiring, mentoring, on-boarding employees, interviewing, and observing other instructors and applicants. Defendant provides the space, materials, and necessary equipment for the courses at its own expense. Instructors are expressly hired to create copyrighted instructional materials over which Defendant then claims exclusive ownership. Instructors are subject to the same hiring process, and training procedures, and they perform the same duties in each of the Defendant's locations under Defendant's supervision regardless of their classification.

18.    Defendant's remaining instructors are correctly classified as employees but are still misclassified as "exempt." Defendant advertises its courses as helping adults improve their technological knowledge and skills, but Defendant is not itself an "establishment" or "institution" that offers education in academic subjects or trades. Defendant is a for-profit business that offers an assortment of courses with a common theme—technology—but its courses are not designed to award professional, academic, or vocational degrees, diplomas, licenses, or certificates. Defendant is not licensed or accredited by a California agency or another state's educational agency. While Defendant is "approved" to offer courses in California, such approval does not constitute licensure or accreditation.

///

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

19.     Defendant's misclassification of its instructors as independent contractors and exempt employees has harmed Plaintiffs and over 100 similarly situated instructors in California and across the country.

## IV.   FLSA COLLECTIVE ACTION

20.     Plaintiffs incorporate by reference all prior paragraphs.

### A.     FLSA Coverage

21.     Defendant has controlled Plaintiffs' and other FLSA Collective members' working hours; trained Plaintiffs and other FLSA Collective members; directed Plaintiffs' and other FLSA Collective members' work; maintained communication with Plaintiffs and other FLSA Collective members and received updates as to the status of their work; and provided direction on how Plaintiffs and other FLSA Collective members were to perform each assigned task. Consequently, Defendant is Plaintiffs' and similarly situated employees' employer within the meaning of 29 U.S.C. § 203(d). Defendant and its managers, supervisors, and other agents have directly or indirectly acted in Defendant's own interests in relation to FLSA Collective members.

22.     Defendant also has employed Plaintiffs and FLSA Collective members to provide Defendant's services and employed employees who are engaged in commerce among the several States. Defendant has an annual gross volume of sales or business volume of over $500,000 and is an enterprise within the meaning of 29 U.S.C. § 203(r)(1).

### B.     Proposed FLSA Collective

23.     Plaintiffs bring this FLSA Collective Action on behalf of members of the following proposed FLSA Collective:

#### FLSA Collective

All instructors who performed work for Defendant in the United States during the period starting three years before this action was filed to the present and who worked over 40 hours in at least one work week but was not paid overtime wages for such work.

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

24.    Plaintiffs have actual knowledge that they and other FLSA Collective members have been denied minimum wage for all hours worked and denied overtime wages for hours worked over 40 hours in a week. Plaintiffs also have knowledge that Defendant has failed to keep track of and record all hours worked. Plaintiffs worked with numerous other FLSA Collective members during their employment and have personal knowledge of their existence, their status as nonexempt employees, and the lack of records and compensation for all working hours.

25.    FLSA Collective members are similarly situated to Plaintiffs and to each other. FLSA Collective members worked for Defendant in similar capacities and in the same or similar positions as Plaintiffs.

26.    Plaintiffs' experiences concerning work over 40 hours in a workweek, overtime compensation, and misclassification are also typical of the experiences of other FLSA Collective members. Plaintiffs and FLSA Collective members regularly work or have worked more than 40 hours during a workweek (and sometimes greater than 80 hours in a workweek) and have not been properly compensated for those working hours. Plaintiffs and FLSA Collective members also were misclassified as independent contractors or exempt employees and systematically denied minimum and overtime wages. Plaintiffs and FLSA Collective members were and are subject to Defendant's deficient recordkeeping practices.

27.    Plaintiffs estimate that Defendant has employed more than 100 FLSA Collective members nationwide in the three years prior to the date this action was filed through the present.

28.    Defendant's failure to pay minimum and overtime compensation at the required rates of pay results from generally applicable policies, practices, and misclassifications, and does not depend on Plaintiffs' and individual FLSA Collective members' personal circumstances. Variations in specific job titles or precise job responsibilities or locations does not prevent collective treatment.

///

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

29.     Plaintiffs and all FLSA Collective members are entitled to accurate record keeping, minimum and overtime wages, and proper classification and related employment benefits. Although the exact amount of damages may vary among Plaintiffs and FLSA Collective members, the damages can be readily calculated by reference to Defendant's records and representative testimony.

30.     Plaintiffs' and other FLSA Collective members' claims arise from a common nucleus of facts, and Defendant's liability is based on a systematic course of wrongful conduct that has caused harm to Plaintiffs and all FLSA Collective members.

## V.     <u>CALIFORNIA CLASS ALLEGATIONS</u>

31.     Plaintiffs incorporate by reference all prior paragraphs.

32.     Plaintiffs bring this action under Rule 23(a), (b)(1), (b)(2), (b)(3) of the Federal Rules of Civil Procedure on behalf of members of the following proposed California Class and Subclasses:

### <u>California Class</u>

All instructors who performed work for Defendant in California during the period starting four years before this action was filed to the present.

### <u>Misclassification as Independent Contractor Subclass</u>

All instructors who performed work for Defendant in California during the period starting four years before this action was filed to the present and who were classified as independent contractors.

### <u>Misclassification as Exempt Employee Subclass</u>

All instructors who performed work for Defendant in California during the period starting four years before this action was filed to the present and who were classified as exempt employees.

///

///



COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

**Overtime Wages Subclass**

All instructors who performed work for Defendant in California during the period starting four years before this action was filed to the present and who were not paid the correct amount or rate of pay for all hours worked over 8 in a day or 40 in a week.

**Meal Periods Subclass**

All instructors who performed work for Defendant in California during the period starting four years prior to the date this action was filed to the present and who were (i) not provided a timely, off-duty, uninterrupted 30-minute meal period for each work period of greater than five hours and a second meal period for each work period of greater than 10 hours, and (ii) not paid a premium wage in lieu thereof.

**Rest Breaks Subclass**

All instructors who performed work for Defendant in California during the period starting four years prior to the date this action was filed to the present and who were (i) not provided timely, off-duty, uninterrupted 10-minute rest breaks in the middle of each 4-hour work period or major fraction thereof, and (ii) not paid a premium wage in lieu thereof.

**Wage Statements Subclass**

All instructors who performed work for Defendant in California during the period starting four years prior to the date this action was filed to the present and who were not provided accurate wage statements each pay period.

**Wages Due At Termination Subclass**

All former instructors who performed work for Defendant in California during the period starting four years prior to the date

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

1    this action was filed to the present and who were not paid all
2    wages due upon termination.

3    33.    California Class members and Subclass members are similarly situated to
4    Plaintiffs and to each other. California Class members worked for Defendant in similar
5    capacities and in the same or similar positions as Plaintiffs.

6    34.    **Numerosity**. Plaintiffs estimate there are at least 100 California Class
7    members and Subclass members. The number of California Class members makes
8    bringing the claims of each individual California Class member before this Court
9    impracticable. Likewise, joining each individual California Class member as a plaintiff
10    in this action is impracticable. The identity of California Class members will be easily
11    determined from Defendant's records, as will the amount of compensation that was and
12    should have been paid to them. Based on the size of the California Class, a class action
13    is a reasonable and practical means for resolving California state law claims. To require
14    individual actions would prejudice California Class members and Defendant.

15    35.    **Typicality**. Plaintiffs' claims are typical of those of other California Class
16    members. Like other California Class members, Plaintiffs were subject to Defendant's
17    uniform policies and practices and were compensated in the same manner as other
18    employees in the California Class. Defendant failed to properly classify Plaintiffs and
19    other California Class members, failed to provide off-duty, uninterrupted meal periods
20    and rest breaks to Plaintiffs and other California Class members, failed to provide them
21    with accurate wage statements, and failed to pay them regularly and overtime wages for
22    all hours worked. Defendant also misclassified Plaintiffs and California Class members
23    as independent contractors and/or exempt employees based on uniform or substantially
24    similar position titles and duties.

25    36.    **Adequacy**. Each Plaintiff is representative of the California Class and at
26    least one California Subclass. They will fairly and adequately protect the interests of the
27    California Class and California Subclasses because it is in their interest to effectively
28    prosecute the claims alleged in this action and to obtain the unpaid wages and penalties

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

required under California law. Plaintiffs have retained counsel competent in both class action and wage-and-hour litigation. Plaintiffs do not have any interests that are or may be contrary to or in conflict with the claims of California Class members.

37. **Commonality**. Common issues of fact and law predominate over any individual questions in this action. These common issues include, but are not limited to:

a. Whether Defendant misclassified employees as independent contractors and/or exempt employees;

b. Whether Defendant provided timely, off-duty, uninterrupted 30-minute meal periods and 10-minute rest breaks;

c. Whether Defendant's timekeeping system and practices accurately recorded all hours worked, showed that compliant meal periods were taken or voluntarily waived, and showed that compliant rest breaks were taken or voluntarily waived;

d. Whether Defendant identified and paid premium wages for missed, shortened, or on-duty meal periods and rest breaks;

e. Whether Defendant maintained complete records and provided accurate wage statements;

f. Whether Defendant paid all wages due upon termination and/or paid waiting time penalties for late payment of all wages due; and

g. Whether Defendant's conduct was intentional or willful.

38. **Application of Rule 23(b)(1).** Separate actions by individual employees would likely result in inconsistent and varying decisions about whether Defendant complied with the California Labor Code and whether their violations were willful. This in turn would result in conflicting and incompatible standards of conduct for Defendant.

39. **Application of Rule 23(b)(2).** Defendant has acted and failed to act according to uniform policies and practices that apply generally to the proposed California Class, so that final injunctive or corresponding declaratory relief is appropriate respecting the California Class as a whole.

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

40.    **Application of Rule 23(b)(3).** Because Defendant's violations of California law emanate from Defendant's uniform policies and practices, questions of law and fact common to the proposed California Class predominate over questions affecting only individual members. A class action is superior to other available methods for fairly and efficiently adjudicating the controversy because, even if individual California Class members could afford to pursue individual litigation against companies the size of Defendant, doing so would unduly burden the court system and would not sufficiently serve the interests of California Class members. Plaintiffs' and California Class members' interests include the desire to correct Defendant's policies and practices rather than only obtain damages for past violations. Prosecution and defense of such individual actions would also create a significant risk of inconsistent or contradictory judgments and results and could establish incompatible standards of conduct for Defendant and expectations for their employees.

41.    Concentrating litigation of Defendant's Labor Code violations and related violations in this forum is desirable because it will establish a consistent standard of conduct for Defendant and consistent expectations for its employees throughout California; it will promote financial and judicial economy for the parties and the courts; and it will provide comprehensive supervision by a single court. Inherent difficulties in managing a class action will also be greatly reduced because Defendants' aggregated records, corporate testimony from Defendants' management, and representative testimony from Plaintiffs and California Class members will provide the majority of evidence necessary for trial.

42.    Notice of the pendency and any resolution of this action can be provided to California Class members by mail, email, print, broadcast, Internet, and/or multimedia publication. Defendants' records will identify all California Class members and provide their contact information.

///

///



COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

## VI.   CAUSES OF ACTION

### First Cause of Action

### FLSA Collective: Failure to Pay Overtime Wages

43.   Plaintiffs incorporate all prior paragraphs.

44.   The FLSA requires covered employers to compensate all nonexempt employees at a rate of not less than one and one-half times their regular rate of pay for work performed in excess of 40 hours in a workweek (overtime hours).

45.   Defendant misclassifies Plaintiffs and similarly situated employees as independent contractors and exempt employees and fails to pay them overtime wages even though they routinely work more than 40 hours in a week. Defendant further fails to keep track of and record Plaintiffs' and similarly situated employees' working hours.

46.   By failing to compensate Plaintiffs and FLSA Collective members at a rate of not less than one and one-half times their properly calculated regular rate of pay for work performed over 40 hours in a week, Defendant has violated the FLSA, including 29 U.S.C. § 207(a)(1) and § 215(a).

47.   Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

48.   As a result of Defendant's willful and unlawful conduct, Plaintiffs and FLSA Collective members are entitled to recover and hereby seek all of their unpaid overtime wages, liquidated damages, penalties, interest, costs, and reasonable attorneys' fees under 29 U.S.C. §§ 216(b) and 255(a), and all other legal and equitable relief that the Court deems just and proper.

### Second Cause of Action

### California Class: Failure to Pay Overtime Wages

49.   Plaintiffs incorporate all prior paragraphs.

50.   Labor Code section 510 requires employers to compensate all nonexempt employees at one and one-half times their regular hourly rate for all hours worked over 8 hours per day and 40 hours per work week, and two times their regular hourly rate for

14

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

all hours worked over 12 hours per day, or in excess of 8 hours worked on the seventh day of the week.

51.    Defendant misclassifies Plaintiffs and similarly situated employees in California as independent contractors and exempt employees and fails to pay them overtime wages even though they routinely work more than 8 hours in a day and 40 hours in a week.

52.    Plaintiffs and California Class members have been deprived of overtime wages as a direct and proximate result of Defendant's failure and refusal to keep track of their regular and overtime hours work and to pay all wages owed.

53.    Defendant has violated Labor Code section 510 and, under California Labor Code section 1194, Plaintiffs and California Class members are entitled to recover their unpaid overtime wages, interest, costs, and reasonable attorneys' fees.

<u>**Third Cause of Action**</u>

**FLSA Collective: Failure to Pay Minimum Wage**

54.    Plaintiffs incorporate all prior paragraphs.

55.    The FLSA requires covered employers to compensate all nonexempt employees a minimum wage for all work performed.

56.    Defendant misclassifies Plaintiffs and similarly situated employees as independent contractors and exempt employees and fails to pay them any wages for hours worked over 40 hours in a week.

57.    By failing to compensate Plaintiffs and FLSA Collective members for all hours worked, Defendant has violated the FLSA, including 29 U.S.C. §§ 206 and 215(a).

58.    Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59.    As a result of Defendant's willful and unlawful conduct, Plaintiffs and FLSA Collective members are entitled to recover unpaid wages, liquidated damages, penalties, interest, costs, and reasonable attorneys' fees under 29 U.S.C. §§ 216(b) and 255(a), and all other legal and equitable relief that the Court deems just and proper.

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

## Fourth Cause of Action

### California Class: Failure to Pay Minimum Wage

60.    Plaintiffs incorporate all prior paragraphs.

61.    Labor Code sections 1182.12 and 1197 require employers to pay a minimum wage to all nonexempt employees for all hours worked.

62.    Defendant misclassifies Plaintiffs and similarly situated employees in California as independent contractors and exempt employees and fails to pay them any wages for hours worked over 8 hours in a day and 40 hours in a week.

63.    Plaintiffs and California Class members have been deprived of their wages for all hours worked as a direct and proximate result of Defendant's failure and refusal to record all working hours and pay all wages owed.

64.    Defendant has violated Labor Code sections 1182.12 and 1197, and under Labor Code sections 1194, 1194.2, and 1197.5, Plaintiffs and California Class members are entitled to recover unpaid wages, liquidated damages, interest, costs, and reasonable attorneys' fees.

## Fifth Cause of Action

### California Class: Failure to Provide Accurate Wage Statements

65.    Plaintiffs incorporate all prior paragraphs.

66.    Labor Code section 226 provides that employers shall furnish their employees with accurate itemized statements in writing showing gross wages earned, total hours worked, all deductions, net wages earned, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate, among other items.

67.    Defendant knowingly and willfully violated Labor Code section 226 by failing to provide Plaintiffs and California Class members with accurate wage statements. Any wage statements Defendant did provide to Plaintiffs and California Class members failed to report or inaccurately reported their gross wages earned, total hours worked, all deductions, net wages earned, and all applicable hourly rates and the corresponding number of hours worked at each hourly rate.



COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

68.    Plaintiffs and California Class members seek and are entitled to recover the greater of their actual damages or statutory penalties, costs, and reasonable attorneys' fees.

### Sixth Cause of Action

**California Class: Failure to Pay All Wages Due Upon Termination**

69.    Plaintiffs incorporate all prior paragraphs.

70.    Labor Code section 201 provides that discharged employees are entitled to all wages due at the time of discharge, and Labor Code section 202 provides that employees who quit without at least 72 hours' notice are entitled to all wages due within 72 hours. Willful failure to timely pay discharged or quitting employees all wages due compels employers to pay waiting time penalties in the amount of one day's compensation at the employees' regular rates of pay for each day the wages are not paid, up to 30 days.

71.    Defendant knowingly and willfully violated Labor Code sections 201 and 202 by failing to timely pay Plaintiffs and California Class members who are no longer employed by Defendant all wages owed when their employment was terminated or when they quit.

72.    Plaintiffs and California Class members who are no longer employed by Defendant are entitled to recover waiting time penalties, costs, and reasonable attorneys' fees.

### Seventh Cause of Action

**California Class: Failure to Provide and Accurately Record Meal Periods**
**Or Pay Premium Wages In Lieu Thereof**

73.    Plaintiffs incorporate all prior paragraphs.

74.    Labor Code section 512 requires employers to provide a timely, off-duty, uninterrupted 30-minute meal period if the employee works more than five hours in a day, and a second meal period if the employee works more than 10 hours in a day. These meal periods must be free of all work duties.

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

75.    Defendant fails to provide Plaintiffs and California Class members timely, off-duty, uninterrupted meal periods of at least 30-minutes on days on which they work at least five hours, and fails to provide a second meal period for days on which they work at least 10 hours. Defendant requires Plaintiffs and California Class members to attend a weekly lunch meeting, and requires or knowingly permits Plaintiffs and California Class members to work during or through the meal period offered to course participants. Defendant also fails to pay any wages for work they perform during the unpaid meal period, and fails to pay premium wages for the meal periods that are missed, shortened, on-duty, or on-call.

76.    Plaintiffs and California Class members are entitled to recover premium wages in the amount of one additional hour of pay at the employees' regular rates of pay for each such violation, costs, and reasonable attorneys' fees.

### Eighth Cause of Action

### California Class: Failure to Provide Rest Periods

### Or Pay Premium Wages In Lieu Thereof

77.    Plaintiffs incorporate all prior paragraphs.

78.    Under Labor Code section 226.7, an employer may not deprive an employee of a rest period mandated by an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission, the Occupational Safety and Health Standards Board, or the Division of Occupational Safety and Health.

79.    Under paragraph 12 of the governing Industrial Wage Order, an employer must permit employees to take 10 minutes of rest for every four hours worked, taken in the middle of the work period unless impracticable. Under Labor Code section 226.7 and paragraph 12 of the governing Industrial Wage Order, if the employer does not provide compliant rest breaks, the employer must pay employees an additional hour of pay at the employees' regular rate of pay for each violation.

80.    Defendant fails to provide Plaintiffs and California Class members complete and uninterrupted rest breaks of at least 10 minutes in the middle of their work periods.



COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

Defendant requires or knowingly permits Plaintiffs and California Class members to work during or through any rest breaks offered to course participants. Defendant also does not pay premium wages for rest breaks that are missed or shortened or where they were required to remain on-duty or on-call.

81.    Plaintiffs and California Class members are entitled to recover premium wages in the amount of one additional hour of pay at the employees' regular rates of pay for each violation, costs, and reasonable attorneys' fees.

### Ninth Cause of Action

### California Class: Violation of the California Unfair Competition Law (UCL)

82.    Plaintiffs incorporate all prior paragraphs.

83.    Section 17200 of the California Business and Professions Code defines unfair competition as an "unlawful" or "unfair" business act or practice.

84.    Defendant is a "person" under California Business and Professions Code section 17021.

85.    As described above, Defendant has engaged and continues to engage in business practices that are both unlawful and unfair and therefore violate the UCL.

86.    Defendant's failure to pay all minimum and overtime wages, provide compliant meal periods and rest breaks or pay premium wages in lieu thereof, maintain complete records, and provide accurate wage statements all constitute unlawful acts and practices prohibited by the UCL. These failures also independently constitute unfair acts and practices.

87.    As a result of its unlawful and unfair acts and practices, Defendant has reaped and continues to reap unfair benefits and illegal profits at the expense of Plaintiffs and California Class members.

88.    Defendant should be made to disgorge its ill-gotten gains and restore to Plaintiffs and California Class members as restitution the wrongfully withheld wages and other amounts to which they are entitled, as well as interest on such amounts.

///

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

89. Plaintiffs and California Class members are also entitled to individual, representative, and public injunctive and declaratory relief that compels Defendant to stop its unlawful and unfair practices and fix its broken timekeeping and recordkeeping systems and practices.

90. This action is designed to ensure the enforcement of important rights affecting the public interest and a large number of employees. The necessity and financial burden of private enforcement is great, and the risks to the named Plaintiffs for stepping forward are also significant. Plaintiffs are thus entitled to reasonable attorneys' fees upon prevailing, and, in the interest of justice, such fees should not be paid out of the recovery.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all FLSA Collective and California Class members, pray for the following relief:

A. Certification of the FLSA claims in this action as a collective action;

B. Certification of the California law claims in this action as a class action under Rule 23 of the Federal Rules of Civil Procedure;

C. Designation of Plaintiffs as Class Representatives and counsel for Plaintiffs as Class Counsel;

D. An award of all unpaid or underpaid wages with interest;

E. An award of actual and liquidated damages;

F. Individual, representative, and public equitable, injunctive, and declaratory relief to remedy Defendants' violations of federal and California law, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful and unfair practices;

G. Statutory penalties;

H. Restitution and disgorgement;

I. Pre-judgment and post-judgment interest as allowed by law;

J. Reasonable attorneys' fees and costs allowable under the FLSA, the Labor Code, California Civil Code § 1021.5, or any other applicable rule or statute,



COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

including expert fees and costs; and

K.      Such additional and further relief as this Court may deem just and proper.

Dated: July 24, 2017                    SODERSTROM LAW PC

                                        By: */s/ Jamin S. Soderstrom*

                                        *Counsel for Plaintiffs and the Proposed FLSA*

                                        *Collective and California Class*

                                        E-mail: jamin@soderstromlawfirm.com

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT

**JURY TRIAL DEMANDED**

Plaintiffs demand a trial by jury of all issues triable by jury.

Dated: July 24, 2017                    SODERSTROM LAW PC

By: */s/ Jamin S. Soderstrom*

*Counsel for Plaintiffs and the Proposed Class*

E-mail: jamin@soderstromlawfirm.com

COLLECTIVE ACTION AND CLASS ACTION COMPLAINT