Brian S. Kabateck, SBN 152054
  bsk@kbklawyers.com
Anastasia K. Mazzella, SBN 245201
  am@kbklawyers.com
Shant A. Karnikian, SBN 285048
  sk@kbklawyers.com
**KABATECK BROWN KELLNER LLP**
644 S. Figueroa Street
Los Angeles, CA 90017
Tel.: (213) 217-5000
Fax: (213) 217-5010

Charles L. Murray III, SBN 195053
**LAW OFFICES OF CHARLES L. MURRAY III**
444 S Flower Street, Suite 2530
Los Angeles, CA 90071
Tel.: (213) 627-5983
Fax: (213) 627-6051

Attorneys for Plaintiffs JOHN MARIN and
KEYAN BAGHERI, individuals, on behalf of
themselves and all others similarly situated

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARIN and KEYAN BAGHERI, individuals; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>GENERAL ASSEMBLY SPACE, INC.,<br>Defendant. | Case No.: 2:17-CV-05449-SJO-KSx<br><br>**SUPPLEMENTAL DECLARATION OF BRIAN S. KABATECK IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:          July 30, 2018<br>Time:         10:00 a.m.<br>Judge:        Hon. S. James Otero<br>Courtroom:  10C<br><br>Complaint Filed:  June 19, 2017 |

## SUPPLEMENTAL DECLARATION OF BRIAN S. KABATECK

I, Brian S. Kabateck, declare:

1.      I am a partner of the law firm Kabateck Brown Kellner, LLP ("KBK"), attorneys of record for Plaintiffs, John Marin and Keyan Bagheri, in this Action.  I am admitted to practice before all courts of the State of California, including the United States District Court for the Central District of California.  I am proposed Co-Class Counsel for the class action Plaintiffs herein and have personal knowledge of the facts thereto.  I make this declaration upon my personal knowledge and, if called upon and sworn as a witness, I could and would competently testify hereto.

2.      I submit this Supplemental Declaration in support of the Motion for Preliminary Approval of Class Action Settlement filed on July 2, 2018. (Dkt. No. 46.)  As noted in my initial Declaration in support of the Motion for Preliminary Approval (Dkt. No. 46-1), full execution of the Stipulation and Agreement for Class Action Settlement ("Settlement Agreement") was pending at the time Plaintiffs filed their Motion for Preliminary Approval on July 2, 2018.  One of the Plaintiffs, Mr. Bagheri, is currently traveling abroad with limited internet access and was having technical issues executing and transmitting the Settlement Agreement to our office.

3.      We have now obtained a copy of the fully-executed Settlement Agreement.

4.      Attached hereto as **Exhibit 1** is a true and correct copy of the fully-executed version of the Settlement Agreement previously submitted as Exhibit 1 to Docket Entry Number 46-1—with no changes whatsoever aside from fully executed signature pages.  The Notice of Proposed Class Action Settlement (**Exhibit A** to the proposed Settlement Agreement) and Notice of Estimated Individual Settlement Payment (**Exhibit B** to the proposed Settlement Agreement)

SUPPLEMENTAL DECLARATION OF BRIAN S. KABATECK IN SUPPORT OF MOTION
FOR PRELIMINARY APPROVAL

1  (collectively, the "Notice Packet") are attached as exhibits to the proposed

2  Settlement Agreement.

3      5.      Plaintiffs respectfully request that the Court consider this fully-

4  executed version of the Settlement Agreement in place of the version that was

5  pending execution. Defendant and their Counsel do not oppose this request.

6

7      I declare under penalty of perjury under the laws of the State of California

8  that the foregoing is true and correct.

9      Executed this 3rd day of July 2018 at Los Angeles, California.

10

11

12  _____
    Brian S. Kabateck

# Exhibit 1

to the Supplemental Declaration of Brian S. Kabateck

Brian S. Kabateck, SBN 152054
bsk@kbklawyers.com
Anastasia K. Mazzella, SBN 245201
am@kbklawyers.com
Shant A. Karnikian, SBN 285048
sk@kbklawyers.com
**KABATECK BROWN KELLNER LLP**
644 S. Figueroa Street
Los Angeles, CA 90017
Tel.: (213) 217-5000
Fax: (213) 217-5010

Charles L. Murray III, SBN 195053
**LAW OFFICES OF CHARLES L. MURRAY III**
444 S Flower Street, Suite 2530
Los Angeles, CA 90071
Tel.: (213) 627-5983
Fax: (213) 627-6051

Attorneys for Plaintiffs JOHN MARIN and
KEYAN BAGHERI, individuals, on behalf of
themselves and all others similarly situated

Janet Grumer, SBN 232723
janetgrumer@dwt.com
Kathryn S. Rosen, SBN 236223
katierosen@dwt.com
C. Beatrice Nuńez-Bellamy, SBN 310776
beatricenunezbellamy@dwt.com
**DAVIS WRIGHT TREMAINE LLP**
865 South Figueroa Street, 24th Floor
Los Angeles, CA  90017-2566
Tel.:  (213) 633-6800
Fax:  (213) 633-6899

Attorneys for Defendant
GENERAL ASSEMBLY SPACE, INC.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARIN and KEYAN BAGHERI, individuals; on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br><br>GENERAL ASSEMBLY SPACE, INC., Defendant. | Case No.: 2:17-CV-05449-SJO-KSx<br><br>**STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS** |

**RECITALS**

A.      This Stipulation of Class Action Settlement and Release of Claims (the "Settlement Agreement") is to consummate the settlement of a class action lawsuit, including a representative action, on a classwide basis and is made in compromise of disputed claims.  This Settlement Agreement is entered into by Named Plaintiffs JOHN MARIN and KEYAN BAGHERI ("Named Plaintiffs") and Defendant GENERAL ASSEMBLY SPACE, INC. ("Defendant") (collectively with Named Plaintiffs, the "Parties").

B.      On July 24, 2017, Plaintiffs filed this class action as individuals on behalf of themselves and all similarly situated current and former instructors engaged by Defendant GENERAL ASSEMBLY SPACE, INC. in the United States District Court for the Central District of California, Case No. 2:17-CV-05449-SJO-KSx.  The Class Action was assigned to the Hon. Consuelo B. Marshall who self-recused, at which time this Class Action was reassigned to the Hon. S. James Otero.  Dkt. Nos. 5, 11.

C.      The operative First Amended Complaint alleges the following causes of action: (1) failure to pay overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"); (2) failure to pay all overtime wages under California law; (3) failure to pay minimum wages under the FLSA; (4) failure to pay minimum wages under California law; (5) failure to furnish timely and accurate wage statements; (6) failure to pay all wages upon separation; (7) failure to provide and accurately record meal periods or pay premium wages in lieu thereof; (8) failure to provide rest period or pay premium wages in lieu thereof; (9) violation of California's Unfair Competition Law ("UCL") under California Business & Professions Code section 17200, *et seq.*; and (11) penalties under California's Private Attorneys General Act ("PAGA").

D.      On February 27, 2018, the Parties entered into a Stipulation to dismiss Plaintiffs' first and third causes of action without prejudice.  Dkt. No. 39.  On February 28, 2018, this Court dismissed the first and third causes of action with prejudice.  Dkt. No. 40.

E.      The Parties have engaged in significant informal discovery and have exchanged initial disclosures pursuant to Fed. R. Civ. Pro. 26.  The Parties propounded special interrogatories and requests for production of documents and noticed depositions to take place if the mediation was

not successful.  Plaintiffs requested classwide data and information through informal discovery, which Defendant provided.

F.    The Parties enter into this Settlement Agreement on a conditional basis.  In the event the Court does not enter an Order Granting Final Approval, or in the event that such Order Granting Final Approval does not become final for any reason, or in the event that the Effective Settlement Date, as defined herein, does not occur, this Settlement Agreement will be deemed null and void *ab initio*, and will be of no force or effect, and will not be referred to or utilized for any purpose.

G.    Defendant denies all of the Class Representatives' claims as to liability and damages, and does not waive, but rather expressly reserves, all rights to challenge all such claims and allegations upon all legal, procedural and factual grounds should this Settlement Agreement not become final.  This Settlement Agreement reflects a compromise reached to end litigation. Defendant's signing of this Agreement will not be deemed to be an admission of any wrongdoing or unlawful action in the pending consolidated Class Action or in any other matter.

H.    The Parties participated in one mediation session on March 16, 2018, the Hon. Enrique Romero (Ret.), a well-respected and experienced class action mediator.  Although the Parties engaged in arms-length mediation through Judge Romero, the mediation did not result in an immediate resolution of the case.  Following the mediation, Judge Romero circulated a detailed mediator's proposal, which the Parties accepted on March 28, 2018.

I.    Co-Class Counsel has conducted a thorough investigation into the facts of the Class Action, including an exchange of information and review of comprehensive files and records.  Co-Class Counsel is knowledgeable about and has done extensive research with respect to the applicable law and potential defenses to the claims in the Class Action.  Co-Class Counsel has diligently pursued an investigation of the Class Members' claims against Defendant.  Based on the documents and information provided by Defendant, and their own independent investigation and evaluation, Co-Class Counsel is of the opinion that the settlement with Defendant for the consideration and on the terms set forth in this Stipulation and Agreement for Class Action Settlement is fair, reasonable, and adequate, and is in the best interest of the Class Members in light of all known facts and circumstances, including the risk of significant delay and uncertainty associated with litigation,

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1  various defenses asserted by Defendant, and numerous potential appellate issues.  Defendant and its

2  respective counsel agree that the settlement is fair, reasonable and adequate.

3       J.       The Parties stipulate and agree to the following terms of this Settlement Agreement

4  with the intent that this Agreement fully and finally dispose of the Class Action:

**STIPULATION AND AGREEMENT**

**I.    DEFINITIONS**

7       A.       The terms "**Agreement**," "**Settlement Agreement**," and "**Settlement**" mean the

8  final, operative version of this fully executed Stipulation of Class Action Settlement, which the

9  Parties acknowledge sets forth all material terms and conditions of the Settlement between them, and

10 which is subject to Court approval.

11      B.        "**Class Action**" means and refers to the Class Action lawsuit cited herein above.

12      C.       "**Co-Class Counsel**" means Brian S. Kabateck, Anastasia K. Mazzella, and Shant A.

13 Karnikian of KABATECK BROWN KELLNER LLP and Charles L. Murray III of the LAW

14 OFFICES OF CHARLES L. MURRAY III.

15      D.       "**Class Definition**" means all current and former instructors engaged by General

16 Assembly Space, Inc. as independent contractor instructors, whether hired as a business entity or as

17 an individual, including without limitation all immersive course instructors, part time course

18 instructors, classes and workshop instructors, and assistant or associate instructors, in California

19 from July 24, 2013 through the date preliminary approval is granted, or June 30, 2018, whichever is

20 sooner.

21      E.       "**Class List**" means the list of names, last known residential addresses, and social

22 security numbers of Class Members.  The Class List will indicate, for each Class Member, the

23 number of Qualifying Course Weeks and instructor position during the Class Period.

24      F.       "**Class Member(s)**" mean all persons engaged by Defendant in California who fall

25 within the Class Definition at any time during the Class Period, whether hired as a business entity or

26 as an individual, during the Class Period.

27      G.       "**Class Period**" means July 24, 2013 through the date preliminary approval is

28 granted, or June 30, 2018, whichever is sooner.

- 4 -
STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

H.        "**Class Representatives**" and "**Named Plaintiffs**" mean and refer to Named Plaintiffs JOHN MARIN and KEYAN BAGHERI.

I.        "**Course Type**" means the category of each course that a Class Member instructed. There are three categories of Course Type:  Immersive Course, Part Time Course, and Workshop. An Immersive Course typically meets on five (5) full days per Course Week.  A Part Time Course typically meets on two (2) partial days per Course Week.  A Workshop typically meets on one (1) partial day per Course Week.

J.        "**Court**" means the United States District Court, Central District of California.

K.        "**Defense Counsel**" means DAVIS WRIGHT TREMAINE LLP, including attorneys Janet Grumer, Kathryn S. Rosen, and C. Beatrice Nuńez-Bellamy.

L.        "**Effective Settlement Date**" shall be the date on which all of the following events have occurred: (a) this Stipulation has been executed by the Parties, Class Counsel and Defendant's Counsel; (b) the Court has issued an order granting preliminary approval of the Settlement; (c) notice has been given to the Class Members providing them with an opportunity to participate, object, or opt out of the Settlement; (d) the Court has held a Final Fairness and Approval hearing to determine the fairness, adequacy, and reasonableness of the settlement and has entered a final order and judgment approving this Stipulation; and (e) in the event there are written objections filed prior to the Final Fairness and Approval Hearing that are not later withdrawn or that there are other objections entertained by the Court, the later of the following events: (i) when the thirty-day (30) period for filing any appeal, writ, or other appellate proceeding opposing the Settlement has elapsed without any appeal, writ, or other appellate proceeding having been filed; or any appeal, writ, or other appellate proceeding opposing the Settlement has been dismissed finally and conclusively with no right to pursue further remedies or relief or (ii) any appeal, writ, or other appellate proceeding has upheld the Court's final order with no right to pursue further remedies or relief.  In this regard, it is the intention of the Parties that the Settlement shall not become enforceable until the Court's order approving the Settlement is completely final and there is no further recourse by an appellant or objector who seeks to contest the Settlement.  In the event that no written objections are filed prior to the Final Fairness and Approval hearing, the Effective Settlement Date shall be upon the completion

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

of all steps (a) through (d) above.

M.    "**Enhancement Payment**" means the portion of the Gross Settlement Amount approved by the Court to be paid to Named Plaintiffs for their service in connection with being Class Representatives.  These Enhancement Payments shall be in addition to the Individual Settlement Payments that each Named Plaintiff shall receive as Participating Class Members.

N.    "**Final Fairness and Approval Hearing**" means a hearing set by the Court, pursuant to class action procedures and requirements, for the purpose of determining the fairness, adequacy and reasonableness of this Settlement.

O.    "**Former Counsel**" means Jamin Soderstrom of Soderstrom Law PC.

P.    "**Gross Settlement Amount**" means One Million Dollars ($1,000,000.00), which includes Individual Settlement Payments to all Participating Class Members, Enhancement Payments to the Named Plaintiffs, Settlement Administrator Costs, Co-Class Counsels' attorneys' fees and costs related to the Class Action as awarded by the Court, civil penalties recoverable under California's Private Attorneys General Act ("PAGA"), and all other fees, costs and expenses associated with the resolution of the Class Action, with the exception of the employer portion of payroll taxes related to the amounts paid as wages under this Agreement, which shall be paid by Defendant.  This Settlement is a non-claims made, non-reversionary settlement.

Q.    "**Individual Settlement Payment**" means the gross amount to be proportionally paid to Class Members who do not timely opt out of this Settlement.

R.    "**Net Settlement Amount**" means the portion of the Gross Settlement Amount remaining after deduction of Court-awarded and approved  attorneys' fees and costs, Class Representative Enhancement Payments, Settlement Administrator's costs, California's Private Attorneys General Act ("PAGA") penalties, and any other settlement-related costs and expenses customarily paid through a common fund settlement, with the exception of the employer's portion or payroll taxes.  The Net Settlement Amount shall be used to determine the Individual Settlement Payments to Participating Class Members.

S.    "**Notice of Class Action**" means a notice entitled "Notice of Class Action Settlement" in the form substantially similar to that attached hereto as **Exhibit A**.

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

T.    "**Notice of Estimated Individual Settlement Payment**" and "**Individual Notice**"
mean a notice entitled "Notice of Estimated Individual Settlement Payment" in the form
substantially similar to that attached hereto as **Exhibit B**.

U.    "**Notice Packet(s)**" means and refers to the Notice of Class Action and Notice of
Estimated Individual Settlement Payment, collectively.

V.    "**Objection/Exclusion Deadline Date**" or "**Response Deadline**" means and refers to
the final date upon which Class Members may mail Requests for Exclusion to the Settlement
Administrator; mail Objections to the Settlement to the Settlement Administrator; and mail Disputes
to the number of Qualifying Course Weeks to the Settlement Administrator.  The
Objection/Exclusion Deadline Date shall be no later than forty-five (45) calendar days after the date
the Settlement Administrator mails the Notice Packets, unless the forty-fifth (45th) calendar day falls
on a Sunday or State holiday, in which case the Response Deadline will be extended to the next day
on which the U.S. Postal Service is open.  However, in the event the Settlement Administrator re-
mails a Notice Packet to a Class Member, that Class Member's Objection/Exclusion Deadline Date
shall be extended by fifteen (15) calendar days from the original Response Deadline, unless the
fifteenth (15th) calendar day falls on a Sunday or Federal holiday, in which case the Response
Deadline will be extended to the next day on which the U.S. Postal Service is open.  Notice Packets
will be re-mailed only to those Class Members whose Notice Packets are returned to and received by
the Settlement Administrator on or before the Response Deadline.

W.    "**Order Granting Final Approval**" and "**Judgment**" mean the order and judgment
executed, filed, and entered by the Court granting final approval of the Settlement.

X.    "**Order Granting Preliminary Approval**" means the order executed, filed, and
entered by the Court granting preliminary approval of the Settlement.

Y.    "**Participating Class Member(s)**" means any Class Member who does not opt out of
the Settlement by submitting a valid and timely Request for Exclusion, as provided in Section IV.F.
below.

Z.    "**Payment Date**" Within five (5) business days of the Effective Date of Settlement,
Defendant shall transfer the Gross Settlement Amount into a Qualified Settlement Fund (QSF) to be

- 7 -

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1    established by the Settlement Administrator.  The Settlement Administrator shall distribute the Gross

2    Settlement Amount in the manner approved by the Court within ten (10) business days of funding.

3          AA.     "**Preliminary Approval Date**" means the date upon which the Court executes, files,

4    and enters the Order Granting Preliminary Approval.

5          BB.     "**Qualifying Course Weeks**" and "**Qualifying Course Weeks Worked**" means the

6    total number of course weeks during which a Class Member was engaged by the Defendant at any

7    time during the Class Period.  Any Course Week in which a Class Member worked at least one day

8    shall be counted as a Qualifying Course Week.

9          CC.     "**Released Claims By Participating Class Members**" means all wage and hour

10   claims that were plead or reasonably could have been plead under the Labor Code and state or local

11   wage and hour laws, based on the facts alleged in the First Amended Complaint, including claims

12   for: any meal period premiums, non-compliant on-duty meal periods; overtime wages; minimum

13   wage violations; rest period premiums; failing to maintain accurate time records; receipt of

14   inaccurate itemized wage statements; failure to pay wages within 72 hours of their termination;

15   waiting time penalties; all claims arising under California Labor Code sections 201, 202, 203, 204,

16   226(a), 226.3, 226.7, 510, 512, 1194, 1194.2, 1197, 2802, and IWC Wage Order No. 4-2001 secs. 3,

17   11, 12 and civil and statutory penalties, interest and liquidated damages; and all claims arising under

18   California's Private Attorneys General Act of 2004 (Labor Code sections 2698, *et seq.)* ("PAGA").

19   Also released are all related claims for conversion and violation of California Business &

20   Professions Code Section 17200.

21         DD.     "**Released Parties**" means Defendant and its respective parents, subsidiaries and

22   affiliates, assigns, officers, directors, agents, employees, shareholders, equity holders, insurance

23   companies, attorneys, partners, divisions, joint venturers, predecessors, successors, franchises,

24   beneficiaries, grantees, transferees, or representatives.

25         EE.     "**Request for Exclusion**" means a Class Member's signed, written request to be

26   excluded or to "opt-out" of the Settlement, as provided in Section IV.F. below.

27         FF.     "**Settlement Administrator**" means Rust Consulting.

28         GG.     "**Settlement Administrator Costs**" means and refers to all costs and fees of

- 8 -
STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1  administration, tax reporting and providing notice of entry of judgment.  The Settlement

2  Administrator's costs and fees shall be based upon the number of putative class members, the form

3  of Notice approved by the Court, and the terms of this Settlement Agreement.

4  **II.    SETTLEMENT AMOUNTS**

5        **A.    Gross Settlement Amount**

6         The Parties will file a Joint Motion for Preliminary Approval and a Joint Motion for Final

7  Approval of the Settlement.  Defendant will be provided with five (5) business days on which to

8  comment on and revise the motions prior to filing.  Defendant will not oppose allocation of the

9  Gross Settlement Amount of One Million Dollars ($1,000,000) as follows:  (1) Proportional

10  Individual Settlement Payments to Participating Class Members; (2)  Class Representative

11  Enhancement Payments of up to Fifteen Thousand Dollars ($15,000), as determined by the Court,

12  for each Named Plaintiff, totaling Thirty Thousand Dollars ($30,000); (3) payment of Co-Class

13  Counsels' and former Plaintiffs' counsel attorney fees totaling up to one-third (1/3) of the Gross

14  Settlement Amount or Three Hundred Thirty-Three Thousand, Three Hundred Thirty-Three Dollars

15  and Thirty-Three Cents ($333,333.33) and costs up to a collective total of  Fifteen Thousand Dollars

16  ($15,000), as determined by the Court; (4) the reasonable fees and costs of the Settlement

17  Administrator of up to Twenty Thousand Dollars ($20,000), as determined by the Court; and (5)

18  civil penalties recoverable under the California Private Attorneys General Act (PAGA) in the

19  amount of Twenty-Five Thousand Dollars ($25,000) will be allocated to civil penalties under

20  PAGA, of which 75% or Eighteen Thousand, Seven Hundred Fifty Dollars ($18,750) will be paid to

21  the California Labor and Workforce Development Agency and 25% or Six Thousand, Two Hundred

22  Fifty Dollars ($6,250) shall remain in the Net Settlement Amount to be distributed to the Class.  The

23  Net Settlement Amount shall be paid to Participating Class Members on a non-claims made basis.

24

25        1.    The Individual Settlement Payments paid from the Net Settlement Amount to

26  Participating Class Members will be determined as follows:  Each Class Member who does not opt

27  out shall receive a proportional share of the Net Settlement Amount.  Proportional Individual

28  Settlement Payments shall be computed and paid as follows:

- 9 -

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

a.       Determine the number of Course Weeks Worked in each Course Type by Participating Class Members;

b.       Multiply the number of Course Weeks Worked for Immersive Courses by five (5), then add the product to the number of Part Time and the number of Workshop Course Weeks Worked;

c.       Divide the Net Settlement Amount by the sum determined in subsection (b); and

d.       Pay Individual Settlement Payments to each Participating Class Member as follows:  for each Class Member, the number of Immersive Course Weeks Worked times five (5) plus the number of Part Time Course Weeks Worked plus the number of Workshop Course Weeks Worked, times the product of subsection (c).

2.       The Individual Settlement Payments are payments for all Released Claims.  One-third (1/3) of the Individual Settlement Payments paid to each Participating Class Member will be allocated to wages, subject to applicable withholdings and shall be reported on a form W-2.  One-third (1/3) of the Individual Settlement Payments paid to each Participating Class Member will be allocated to interest, not subject to withholdings and shall be reported on a Form 1099.  One-third (1/3) of the Individual Settlement Payments paid to each Participating Class Member will be allocated to penalties, not subject to withholdings and shall be reported on a Form 1099.  The Settlement Administrator shall be responsible for issuing and providing Form 1099s to Participating Class Members for their Individual Settlement Payments.  Defendant will pay the employer payroll taxes under this Settlement.  Each Participating Class Member, Co-Class Counsel, and Class Representative will be responsible for payment of their own tax obligations, if any, except as to those taxes withheld and paid by the Settlement Administrator on the portion of the Net Settlement Amount allocated to wages.  Class Members who may have questions about their tax liability, if any, should consult independent tax counsel.

3.       The Settlement is a non-reversionary cash settlement.  Uncashed Individual Settlement Payment checks, after the expiration of the 180 days during which each Class Member may negotiate his or her Individual Settlement Payment checks, shall be paid to the State of

- 10 -

California Unclaimed Wages Fund in the name(s) of the corresponding Class Member(s), which amounts shall remain available for such Participating Class Members to claim thereafter from the State of California.

4.     The Individual Settlement Payments will not be used for purposes of determining eligibility for, calculating, or paying employee benefits of any kind.

**B.     Class Representatives' Enhancements**

1.     Co-Class Counsel will submit an application to the Court for an award of an Enhancement Payment in an amount not to exceed Fifteen Thousand Dollars ($15,000) for each Named Plaintiff.

2.     Said application will be set for hearing concurrently with the Parties' Joint Motion for Final Approval.  The Enhancement Payments are for the purpose of compensating the Named Plaintiffs for their service to the Class, the risks taken in connection with being Class Representatives and Named Plaintiffs, and their entry into a full and complete release of all claims as provided for in Section III. C. below.

3.     Defendant and its counsel will not object to a request for approval of such Enhancement Payments, provided the application does not exceed $15,000 for each Named Plaintiff. Any portion of the Enhancement Payment not approved by the Court will remain a part of the Net Settlement Amount to be distributed to Participating Class Members.

4.     The Court-awarded Enhancement Payments are in addition to the Individual Settlement Payments allocated to the Class Representatives as Participating Class Members under the Settlement.

5.     Any Court-awarded Enhancement Payments will not be treated as wages.  The Class Representatives will receive an individual Form 1099 relating to such payment.  The Class Representatives will be solely liable for and will pay any and all taxes, costs, interest, assessments, penalties, or damages by reason of payment of their enhancements.

6.     Provided that the Court awards any Enhancement to the Class Representatives, the Settlement Administrator will mail a check for the full amount the Court awards to each Class Representative within ten (10) business days after Defendant funds the Gross Settlement Amount.

**C.**    **PAGA – California Labor Code Private Attorneys General Act**

The Parties agree that $25,000 will be allocated to civil penalties recoverable under PAGA, of which 75% ($18,750) will be paid to the Labor Workforce and Development Agency and 25% ($6,250) will be included in the Net Settlement Amount to be distributed among Participating Class Members.

**D.**    **Co-Class Counsels' Attorneys' Fees and Costs**

In conjunction with the Joint Motion for Final Approval, Co-Class Counsel will file a motion requesting that the Court award attorneys' fees in an amount not to exceed one-third (1/3) of the Gross Settlement Amount or Three Hundred Thirty-Three Thousand, Three Hundred Thirty-Three Dollars and Thirty-Three Cents ($333,333.33), to which Defendant shall not object. In addition to an award of attorneys' fees, Co-Class Counsel will request in their motion that the Court award reasonable costs incurred, as proven, not to exceed a collective total of Fifteen Thousand Dollars ($15,000). Such fees and costs motion will be set for hearing concurrently with the Parties' Joint Motion for Final Approval. Any amount awarded by the Court for attorneys' fees and costs shall be distributed by the Settlement Administrator to Co-Class Counsel and Former Class Counsel in in full satisfaction of any claims for fees and costs made by any and all counsel representing Plaintiffs during the pendency of the Class Action.

1.    Defendant and its counsel will not object to Co-Class Counsels' application for such award of attorneys' fees and costs. Any amount for attorneys' fees and/or costs not approved by the Court will be included in the Net Settlement Amount to be distributed to Participating Class Members.

2.    As a condition of this Settlement Agreement, Co-Class Counsel agrees to pursue their attorneys' fees and costs and those of Former Class Counsel only in the amount reflected herein.

3.    Provided the Court awards attorneys' fees and costs to Co-Class Counsel and Former Class Counsel, the Settlement Administrator will pay to Co-Class Counsel and Former Class Counsel the full amounts of their respective Court-awarded attorneys' fees and costs within ten (10) business days after Defendant funds the Gross Settlement Amount.

**E.**    **Costs of Settlement Administration**

- 12 -

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

The Settlement Administrator Costs for the full administration of this Settlement are estimated to not exceed Twenty Thousand Dollars ($20,000). The Settlement Administrator Costs shall not exceed Twenty Thousand Dollars ($20,000) without court approval. Any Settlement Administrator Costs not paid to the Settlement Administrator will remain part of the Net Settlement Amount to be distributed among Participating Class Members.

## III.    RELEASES BY PARTICIPATING CLASS MEMBERS AND NAMED PLAINTIFFS

### A.    Terms of Release by Participating Class Members

In exchange for the consideration recited in this Settlement Agreement, all Participating Class Members, on behalf of themselves and on behalf of their current, former, and future heirs, spouses, executors, administrators, attorneys, agents, and assigns, do hereby and forever release, waive, acquit and discharge Defendant and its respective parents, subsidiaries and affiliates, assigns, officers, directors, agents, employees, shareholders, equity holders, insurance companies, attorneys, partners, divisions, joint venturers, predecessors, successors, franchises, beneficiaries, grantees, transferees, or representatives from the Released Claims by Participating Class Members.

### B.    Promise Not to Sue for Released Claims

The Participating Class Members are deemed by operation of the Order Granting Final Approval to have agreed not to sue or otherwise make a claim against any of the Released Parties for any Released Claims.

### C.    Terms of General Release by Named Plaintiffs

As a material inducement to Defendant to enter into this Agreement, the Named Plaintiffs do hereby, for themselves and their spouses, heirs, successors, and assigns, forever release the Released Parties from any and all charges, complaints, claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including back wages, penalties, liquidated damages, and attorneys' fees and costs actually incurred) of any nature whatsoever, from the beginning of time through the Effective Settlement Date, known or unknown, suspected or unsuspected, including but not limited to all claims arising out of, based upon, or relating to their relationship with Defendant or the remuneration for, or, as applicable, termination of, such relationship. Without limiting the generality

- 13 -

of the foregoing, Named Plaintiffs expressly release all claims or rights arising out of alleged violations of any contracts, express or implied (including but not limited to any contract of employment and/or any independent contractor agreement); any contract or covenant of good faith or fair dealing (express or implied); any tort, including negligence, fraud, misrepresentation under California Labor Code section 970, negligent infliction of emotional distress, intentional infliction of emotional distress, and defamation; any "wrongful discharge," "constructive discharge," and "retaliation" claims; any claims relating to any breach of public policy; any legal restrictions on Defendant's right to discharge employees or refuse to hire applicants; and any federal, state, or other governmental statute, regulation, or ordinance, including, without limitation: (1) Title VII of the Civil Rights Act of 1964 (race, color, religion, sex, and national origin discrimination or harassment, including retaliation for reporting discrimination or harassment); (2) 42 U.S.C. § 1981 (discrimination); (3) sections 503 and 504 of the Rehabilitation Act of 1973 (handicap discrimination); (4) California Family Rights Act, Cal. Gov't Code § 12945.1 *et seq.* (family/medical leave); (5) Americans with Disabilities Act, 42 U.S.C. § 12100 *et seq.* (disability discrimination); (6) Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq.* (family/medical leave); (7) California Fair Employment and Housing Act, Cal. Gov't Code § 12900 *et seq.* (including without limitation discrimination or harassment in employment and/or housing, including discrimination or harassment based on race, religious creed, color, national origin, ancestry, disability, medical condition, genetic information, marital status, sex (including pregnancy and related conditions), sexual orientation, gender, gender identity, gender expression, military and veteran status, or age, including retaliation for reporting discrimination or harassment); (8) California Labor Code and any Industrial Welfare Commission Wage Order; (9) Executive Orders 11246 and 11141 (race, color, religion, sex, age, and national origin discrimination or harassment); and (10) Executive Order 11141 (age discrimination); but excluding all claims brought for workers' compensation insurance benefits.

      This Section C shall not have any effect on John Marin's ability to enforce the separately negotiated Settlement Agreement dated June 29, 2018 between John Marin and General Assembly Space, Inc. in the case titled *John Marin v. General Assembly Space, Inc.*,

Case No. BC697481, filed in the Superior Court of the State of California, County of Los Angeles and alleging claims of (1) breach of written contract; (2) breach of covenant of good faith and fair dealing; (3) wrongful termination against public policy; (4) disparate treatment (Cal. Gov't Code section 12940(a)); (5) retaliation (Cal. Gov't Code section 12940(h); (6) disability discrimination; (7) failure to provide a reasonable accommodation (Cal. Gov't Code section 12940(m)); (8) failure to engage in interactive process (Cal. Gov't Code section 12940(n)); (9) failure to prevent harassment, discrimination, retaliation (Cal. Gov't Code section 12940(k)); (10) violation of the Americans with Disabilities Act (1990); (11) violation of the California Unruh Act (Cal. Civ. Code section 51)); and (12) violation of the California Disabled Persons Act (Cal. Civ. Code section 54)).

### D.    Section 1542 Waiver by Named Plaintiffs

The Named Plaintiffs hereby expressly waive all rights and benefits afforded by Section 1542 of the California Civil Code as to any claims they do not know or suspect to exist in their favor against any of the Released Parties and do so understanding the significance of that waiver.  Section 1542 provides:

> **"A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."**

This Section D shall not have any effect on John Marin's ability to enforce the separately negotiated Settlement Agreement dated June 29, 2018 between John Marin and General Assembly Space, Inc. in the case titled *John Marin v. General Assembly Space, Inc.*, Case No. BC697481, filed in the Superior Court of the State of California, County of Los Angeles and alleging claims of (1) breach of written contract; (2) breach of covenant of good faith and fair dealing; (3) wrongful termination against public policy; (4) disparate treatment (Cal. Gov't Code section 12940(a)); (5) retaliation (Cal. Gov't Code section 12940(h); (6) disability discrimination; (7) failure to provide a reasonable accommodation (Cal. Gov't

Code section 12940(m)); (8) failure to engage in interactive process (Cal. Gov't Code section 12940(n)); (9) failure to prevent harassment, discrimination, retaliation (Cal. Gov't Code section 12940(k)); (10) violation of the Americans with Disabilities Act (1990); (11) violation of the California Unruh Act (Cal. Civ. Code section 51)); and (12) violation of the California Disabled Persons Act (Cal. Civ. Code section 54)).

**E.**    **Claims by Participating Class Members Based on Stipulation and Agreement**

In addition to the terms of the Releases outlined above, no Party, Participating Class Member, or Class Representative, will have any claim against any of the Released Parties, Defendant's attorneys of record, the Named Plaintiffs, any other Class Member, or Co-Class Counsel based on errors in administrating claims or performing the mailing and skip-tracing requirements of the Settlement Administrator under this Agreement.

**IV.    SETTLEMENT APPROVAL, CLAIMS, AND PAYMENT PROCEDURES**

**A.**    **Request for Preliminary and Final Approval**

The Parties will cooperate fully in requesting preliminary and final approval of this Settlement Agreement by the Court, including determination by the Court that this Settlement is fair, reasonable, and adequate.  The Parties will also cooperate fully in promptly requesting that, as provided for in this Settlement Agreement, the Court approve the proposed forms of notices, orders, and other documents necessary to implement this Settlement.

**B.**    **Class Certification of the Settlement**

The Parties stipulate that for purposes of this Settlement only, a class may be certified as to all causes of action pled in the Named Plaintiffs' operative First Amended Complaint that were not later dismissed by stipulation.  The Parties agree that certification for settlement purposes as set forth herein is in no way an admission that class certification is proper for litigation purposes.  If the Settlement does not become Final, the Parties' stipulation to class certification as to all causes of action as part of the Settlement shall become null and void and shall have no bearing on, and shall not be admissible in connection with, the issue of whether or not certification would be appropriate in a non-settlement context.

**C.**   **Class List to Be Provided by Defendant to the Settlement Administrator**

Defendant shall provide a Class List to the Settlement Administrator within ten (10) days after entry and service of an Order Granting Preliminary Approval regarding this Settlement.  The Class List shall not be provided to Co-Class Counsel.  The Class List will identify each Class Member, his or her social security number and last known home address.  The Class List will also contain the number of Course Weeks in each Course Type for each Class Member for purposes of the Settlement Administrator calculating the Individual Settlement Payments.  The Class List shall be marked "Confidential – Settlement Administrator's Eyes Only."  Co-Class Counsel agrees that the Settlement Administrator shall hold the Class List, including any copies thereof, in strictest confidence and shall not disclose or divulge its contents to any Class Member, including Named Plaintiffs, or to any third party, including Co-Class Counsel; (b) the Class List shall be kept in secure facilities; and (c) the contents of the Class List shall be used exclusively for administration of the Settlement pursuant to this Stipulation and for no other purpose, including, but not limited to, fact-gathering, or discovery.  This provision does not preclude Co-Class Counsel from speaking with Class Members about the terms of the Settlement once the Joint Motion for Preliminary Approval has been filed with the court; or earlier with those Class Members with whom they have had contact.  Co-Class Counsel shall not encourage any Class Member to opt out of, object, or otherwise exclude himself or herself from the Class.  Co-Class Counsel certifies that it has no additional plaintiffs or potential plaintiffs waiting in the wings or who have indicated that they wish to exclude themselves and pursue individual or other claims against Defendant.

**D.**   **Notice of Class Action**

1.   The Notice of Class Action and the Notice of Estimated Individual Settlement Payment are attached hereto as **Exhibits A** and **B**, respectively (collectively, the "Notice Packet").

2.   Within ten (10) days after the Settlement Administrator receives the Class List from Defendant, the Settlement Administrator will first update all addresses using the National Change of Address System (NCOA) and then mail to all Class Members, via first-class United States Mail, the following documents:  (a) Notice of Class Action, **Exhibit A**; and (b) Notice of Estimated Individual Settlement Payment, **Exhibit B**, and Internal Revenue Service Form W-9 along with a self-

addressed stamped envelope for Class Members to return the completed W-9.  The envelope in which the Notice Packet is mailed will clearly state that it concerns a class action and the recipient could be entitled to a cash payment.

3.      In the event of returned or non-deliverable Notice Packets, the Settlement Administrator will make reasonable efforts to locate Class Members and re-send the Notice Packet. In the event that Notice Packets are returned to sender or returned as not deliverable, the Settlement Administrator will make reasonable efforts to locate the respective Class Members through a skip-tracing service offered by publicly available databases, and will re-send the Notice Packets to the best available address or addresses of these Class Members after performing the skip-tracing.  It will be conclusively presumed that a Class Member's Notice Packet was received if the Notice Packet has not been returned within twenty (20) days of the original mailing of the Notice Packet to the Class Member.

4.      In order to object to the Settlement, a Class Member must not have excluded himself or herself from the Settlement, and must mail his or her objection to the Settlement Administrator no later than forty-five (45) calendar days after the date of the mailing or, if applicable, the extended date upon a re-mailing of the Notice Packet.

5.      In the event the procedures set forth herein are followed and the intended recipient of a Notice Packet still does not receive the Notice Packet, the intended recipient will be a Participating Class Member and will be bound by all terms of the Settlement and the Order Granting Final Approval entered by the Court.

6.      The Notice Packet will be mailed to that Class Member's last known address.  If the envelope containing the Notice Packet is returned to sender or returned as not deliverable prior to the Response Deadline, then the Settlement Administrator will run an updated NCOA search and re-mail the check.  In the instance that the Class Member's Notice Packet is re-mailed, that Class Member's Objection/Exclusion Deadline Date shall be recalculated so that Class Member shall have an additional fifteen (15) calendar days from the Response Deadline to opt out or object.

**E.      Dispute Resolution Regarding Qualifying Course Weeks Worked or Course Type**

1.      Each Class Member will receive a Notice of Estimated Individual Settlement

- 18 -

Payment, **Exhibit B**, which will specify the Qualifying Course Weeks and Course Type for that Class Member.

2. Class Members will be entitled to dispute the number of Qualifying Course Weeks Worked or Course Type reported on the Notice of Estimated Individual Settlement Payment Form by sending written notice of their dispute to the Settlement Administrator by the Response Deadline. To be considered, such written dispute must be: (1) signed by the Class Member; (2) timely; and (3) accompanied with satisfactory evidence of the actual weeks worked during the Class Period in each Course Type.

3. Class Members will have no more than forty-five (45) days after the date on which the Notice Packet was mailed to Class Members by the Settlement Administrator to postmark or deliver to the Settlement Administrator his or her dispute concerning the Qualifying Course Weeks Worked in each Course Type during the Class Period, with satisfactory evidence to support his or her dispute.

4. If any Class Member disagrees with Defendant's records as to number of Qualifying Course Weeks Worked or Course Type as reflected on the Notice, the Class Member shall set forth the dates he or she claims to have worked in each Course Type during the Class Period and submit such information to the Settlement Administrator along with any supporting documentation.

5. Within five (5) days of receiving a dispute concerning a Class Member's Qualifying Course Weeks, the Settlement Administrator shall review all documents received from the Class Member in support of the Class Member's dispute, and shall contact Defendant regarding the dispute and Defendants shall work in good faith to resolve it. The Settlement Administrator shall inform Defendant's Counsel of its decision as to whether it accepts or rejects the dispute or whether it needs additional information from Defendant prior to rendering a decision within seven (7) days of contacting Defendant regarding the dispute.

6. The Settlement Administrator shall be the final arbiter of the number of Qualifying Course Weeks Worked by the Class Member in each Course Type during the Class Period. The Settlement Administrator shall resolve all disputes prior to the date upon which the Settlement Administrator must pay the Individual Settlement Payments.

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

7.      Any changes to a Class Member's Qualifying Course Weeks Worked will be reflected in the total weeks worked for all Class Members on the updated Class List.  For example, if Class Member A disputes his Qualifying Course Weeks Worked and provides satisfactory evidence that his Qualifying Course Weeks Worked should be increased by two (2) weeks, and the Settlement Administrator, in consultation with Defendant and the records provided, agrees, the total Qualifying Course Weeks Worked for all Class Members will also be increased by two (2) weeks for purposes of calculating Individual Settlement Payments.

**F.      Requests for Exclusion ("Opt Out")**

The Notice of Class Action will notify all Class Members of their right to opt out of the Settlement.

1.      Any Class Member who wishes to be excluded from (opt out of) the Settlement must submit a signed written Request for Exclusion, which must be mailed to the Settlement Administrator on or before the Objection/Exclusion Deadline Date.  To be valid, the Request for Exclusion must be both timely and complete.  To be complete, the Request for Exclusion must: (a) include a written statement requesting exclusion from the Settlement as further detailed in the Notice of Class Action; (b) reference the name, current address and telephone number of the person requesting exclusion; (c) be signed by the person requesting exclusion or by his or her authorized representative; and (d) include the last four (4) digits of his or her social security number and any Federal Employer Identification Number used by the Class Member in conjunction with receiving payments from Defendant during the Class Period.  To be timely, the Request for Exclusion must (a) be mailed to the Settlement Administrator and (b) postmarked no later than the Objection/Exclusion Deadline.  The date of the postmark on the return mailing envelope shall be the exclusive means used to determine whether a Request for Exclusion has been timely submitted.  The Objection/Exclusion Deadline Date shall be forty-five (45) days after the date the Notice Packet is mailed by the Settlement Administrator to the Class Member, or if re-mailed, then fifteen (15) days after the original Objection/Exclusion Deadline Date.

2.      Any Class Member who mails a timely and valid Request for Exclusion will, upon receipt thereof by the Settlement Administrator, no longer be a Participating Class Member, and will

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

receive no benefit from this Settlement, and none of his or her claims, causes of action or rights will be released by virtue of this Settlement Agreement.  Any Individual Settlement Payment that would have been paid to a Class Member but for that Class Member opting out of the Settlement will be included in the Net Settlement Amount and distributed to Participating Class Members.

3.    Failure to submit a valid Request for Exclusion will result in a Class Member being conclusively deemed a Participating Class Member fully bound by the terms of the Settlement.

4.    If a Class Member submits a valid Request for Exclusion and thereafter wishes to participate in the Settlement, the Class Member may rescind his or her Request for Exclusion if and only if the Class Member submits a valid Rescission of Opt-Out Request.  To be valid, the Rescission of Opt-Out Request must be both timely and complete.  To be complete, the Rescission of Opt-Out Request must include all of the following: the Class Member's (a) full name, (b) current address, (c) current telephone number, (d) the last 4 digits of the Social Security Number's last four digits and any Federal Employer Identification Number used by the Class Member in conjunction with receiving payments from Defendant during the Class Period, and (e) statement that he or she wishes to rescind his or her Request for Exclusion from the Settlement.  To be timely, the Rescission of Opt-Out Request must be mailed to the Settlement Administrator by First-Class U.S. Mail on or before the Response Deadline.

5.    If the Settlement Administrator receives a Class Member's valid Request for Exclusion, the Class Member's failure to submit a valid Rescission of Opt-Out Request will result in the Class Member being conclusively deemed no longer a Participating Class Member, and will receive no benefit from this Settlement, and none of his or her claims, causes of action or rights will be released by virtue of this Settlement Agreement.

6.    If a Class Member submits a timely dispute concerning his or her Qualifying Course Weeks or Course Types as reflected on his or her Notice of Estimated Individual Settlement Payment, **Exhibit B**, and submits a timely Request for Exclusion, the Request for Exclusion will be valid only if that Request for Exclusion is postmarked after his or her timely dispute concerning his or her Qualifying Course Weeks.  In effect, a timely dispute concerning his or her Qualifying Course Weeks will function as a valid Rescission of Opt-Out Request.

- 21 -

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

### G.    Objections to This Settlement

The Notice of Class Action Settlement will provide that any Class Member who wishes to object to the Settlement must mail a written objection to the Settlement Administrator by First-Class U.S. Mail no later than forty-five (45) days after the date the Notice Packet is mailed (or re-mailed) by the Settlement Administrator to that Class Member.  The date of delivery of the written objection is deemed to be the date the objection is deposited in the U.S. mail, postage prepaid, as evidenced by the postmark.  Upon receipt of a Class Member's written objection, valid or otherwise, the Settlement Administrator shall promptly email and U.S. mail a copy of the Class Member's written objection (including the envelope evidencing the postmark) to each Co-Class Counsel and to Defense Counsel no later than the next business day.  The objection must do all of the following:  (1) include the case name and number; (2) must set forth, in clear and concise terms a statement of the reasons why the objector believes that the Court should find that the proposed Settlement is not in the best interest of the Class and the reasons why the Settlement should not be approved, including the legal and factual arguments supporting the objection; and (3) if an objector also wishes to appear at the Final Approval Hearing, in person or through an attorney, he or she must state his or her intention to appear.  Unless otherwise ordered by the Court, Class Members shall not be entitled to speak at the Final Approval Hearing unless they have submitted a timely written objection that gives notice of his or her intention to appear pursuant to this Section.  Class Members who have properly and timely submitted objections may appear at the Final Approval Hearing, either in person or through a lawyer retained at their own expense.  Any Class Member who participates in the settlement but who fails to submit timely written objections in the manner specified above will be deemed to have waived any objection and will be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement.

### H.    Verification of Dissemination of Notice of Class Action

The Settlement Administrator will verify, in writing, that the Notice Packets have been disseminated in accordance with the Court's Order Granting Preliminary Approval, and will provide such verification to Co-Class Counsel and Defendant's counsel at least thirty (30) days prior to the date of the Final Fairness and Approval Hearing.

- 22 -

**I.**     **Reporting**

The Settlement Administrator will provide written notice to Co-Class Counsel and Defendant's counsel of all Objections to Settlement it receives, within one (1) business day of receiving such items.  Upon receipt of a Class Member's written objection, valid or otherwise, the Settlement Administrator shall promptly email and U.S. mail a copy of the Class Member's written objection (including the envelope evidencing the postmark) to each Co-Class Counsel and to Defense Counsel no later than the next business day.  Class Counsel must file each Objection to Settlement, timely or not, that it receives from the Settlement Administrator within two (2) business days from receipt from the Settlement Administrator, but no later than the day prior to the Final Approval Hearing.  Ten (10) days prior to the deadline Co-Class Counsel must file the Joint Motion for Final Approval, the Settlement Administrator will provide Co-Class Counsel and Defendant's Counsel a Declaration of Compliance reporting on its compliance with the settlement administration procedures and an itemization of costs incurred and itemization of expected future costs.

**J.**     **No Encouraging Class Members Not to Participate**

No Party, including counsel for the Parties, will directly or indirectly, through any person or entity, encourage any Class Member to object to or request exclusion from this Settlement.

**K.**     **Final Fairness and Approval Hearing**

On the date set forth in the Notice of Class Action, which will be approximately one hundred and fifty (150) days after the Court grants Preliminary Approval of the Settlement, a Final Fairness and Approval Hearing will be held before the Court in order to:  (1) review this Settlement Agreement and determine whether the Court should give it final approval; and (2) consider any timely objections to the Settlement and all responses by the Parties to such objections.  At the Final Fairness and Approval Hearing, the Parties will ask the Court to approve the Settlement Agreement and to enter judgment.

**L.**     **Dates and Methods of Payment of the Gross Settlement Amount**

1.     Defendant shall provide full payment of the Gross Settlement Amount to the Settlement Administrator no later than the Payment Date, which is within five (5) business days of the Effective Date.  The payment by the Defendant shall be made by wire transfer to the Settlement

- 23 -

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

Administrator.

2.     On the Payment Date, the Settlement Administrator shall provide written confirmation to Co-Class Counsel of the exact amount Defendant has wired to the Settlement Administrator.

3.     Within ten (10) days following the Payment Date, the Settlement Administrator will prepare and mail settlement checks to each Participating Class Member in the amount of his or her Individual Settlement Payment.  The checks will indicate on their face that they are void if not negotiated within one hundred and eighty (180) days of their issuance.  In the event that a settlement check is returned to the Settlement Administrator with a forwarding address, the settlement check will be forwarded to the forwarding address.  In the event that a settlement check is returned to the Settlement Administrator without a forwarding address or is otherwise undeliverable, the Settlement Administrator will conduct a search utilizing skip tracing methods, and then re-mail the returned check if another address or addresses are identified.  If the search does not provide a better address, or the settlement check is ultimately returned without a forwarding address, neither Defendant, Co-Class Counsel, nor the Settlement Administrator shall be required to take further action to achieve delivery of the check to the Class Member.  Neither Party has a duty to conduct any additional research to locate a new address, even if a Notice is returned as undeliverable.  If within that one-hundred-and-eighty-day-period (180) the Participating Class Member contacts the Settlement Administrator, or if Co-Class Counsel does so on the Participating Class Member's behalf, the settlement check will be reissued and mailed to the address the Participating Class Member (or Co-Class Counsel) provides.  Any such reissued settlement checks will indicate on their face that they are void if not negotiated within one hundred and eighty (180) days of their issuance.

4.     Any settlement checks issued to Participating Class Members that remain uncashed after one hundred and eighty (180) days of disbursement shall be paid to the State of California Unclaimed Wages Fund in the name(s) of the Class Member(s), which shall remain available for those Participating Class Members to claim thereafter.  Upon the closing of the Settlement Administrator's bank account regarding this Settlement, any interest on funds deposited by Defendant with the Settlement Administrator shall be paid to the State of California Unclaimed

Wages Fund in the name(s) of the Class Member(s), which shall remain available for those Participating Class Members to claim thereafter.

### M.   Dates and Methods of Enhancement Payments and Attorneys' Fees and Costs

1.     Within five (5) business days of the Payment Date, the Settlement Administrator will pay from the Gross Settlement Amount the Enhancement Payments as awarded by the Court to the Named Plaintiffs.  The payment will be made by sending each Named Plaintiff a separate check in the amount of the Court-approved Enhancements.

2.     Within five (5) business days of the Payment Date, the Settlement Administrator will pay from the Gross Settlement Amount Co-Class Counsels' Court-approved attorneys' fees and costs.  Co-Class Counsel shall provide to the Settlement Administrator all information necessary to make such payments, including W-9 forms, tax ID numbers, and wiring instructions.

### N.   No Additional Contribution by Defendant

Defendant's monetary obligations under this Agreement are limited to the Gross Settlement Amount and Defendant's contribution for employer's payroll taxes.  Thus, all costs and expenses arising out of or in connection with the performance of this Agreement shall be paid from the Gross Settlement Amount and Defendant's separate contribution for employer's payroll taxes.

### O.   Deadlines

If any deadline specified in this Agreement falls on a Saturday, Sunday, or State Court holiday, the deadline will be automatically extended to the next regular business day.  Unless specified otherwise, all references to "days" shall mean calendar days.

## V.   ENFORCEMENT, JUDGMENT, AND CONTINUING JURISDICTION OF THE COURT

Pursuant to Federal Rule of Civil Procedure; Rule 23, this Settlement Agreement will be approved by the Court and will be enforceable by the Court.  Even after the Order Granting Final Approval and the accompanying Final Judgment are entered and notwithstanding it, this Court will have and retain continuing jurisdiction over the Class Action and over all Parties and Class Members, to the fullest extent necessary or convenient to enforce and effectuate the terms and intent of this Settlement Agreement and all matters provided for in it, and to interpret it.

- 25 -

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

## VI.   MUTUAL FULL COOPERATION

The Parties will fully cooperate with each other to accomplish the terms of this Settlement Agreement, including, but not limited to, execution of such documents and taking such other action as may be reasonably necessary or convenient to implement it.

## VII.   NO ADMISSIONS

Nothing in this Settlement Agreement will constitute or be considered an admission by or on behalf of either Defendant or any Released Party, of any wrongdoing or liability or of the accuracy of any allegation made in connection with the Class Action or in any other matter.

## VIII.   WITHDRAWAL, NULLIFICATION, INVALIDATION

### A.   Effective Date of Defendant's Obligations Under this Agreement

Defendant's obligations under this Settlement Agreement will become final and effective only upon occurrence of all of the following events:

1.  Execution and filing by the Court of an Order Granting Preliminary Approval;

2.  Certification of the Class Action for settlement purposes only;

3.  The Court conducting a Final Fairness and Approval Hearing;

4.  Execution and filing by the Court of the Order Granting Final Approval;

5.  Entry of a Final Judgment; and

6.  Occurrence of the Effective Settlement Date.

In the event that any of the conditions specified in this Settlement Agreement are not satisfied, or in the event that this Settlement does not obtain approval of the Court for any reason, all matters covered by this Agreement will be null and void.  In such event, neither this Agreement nor any negotiations leading to this Settlement will be used or construed by or against any Party as a determination, admission, or concession of any issue of law or fact in the litigation; and the Parties hereto do not waive, and instead expressly reserve, their respective rights regarding the prosecution and defense of the litigation, including all available defenses and affirmative defenses, and challenging any claim that the Class Action could be certified as a class action, as if this Settlement Agreement never existed.

### B.   Withdrawal

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1.      The Settlement is entered into based upon a total current estimate of approximately 1,214 Class Members with the corresponding total Course Weeks Worked of 20,384.

2.      If prior to the Final Fairness and Approval Hearing, persons who otherwise would be Class Members have filed timely requests to be excluded from the Settlement as outlined herein, and if such persons in the aggregate amount to a number greater than 5% of the total number of Class Members, Defendant will have the sole and absolute discretion, if Defendant so chooses, to withdraw from this Settlement by giving notice of withdrawal in writing to Co-Class Counsel prior to the date set for the Final Fairness and Approval Hearing.  In the event that Defendant elects to so withdraw, Defendant will not be responsible for paying any of the Gross Settlement Amount, except Defendant shall be solely responsible for the entire payment of the Settlement Administrator's Costs incurred to the date.

**C.      Nullification**

If:  (1) the Court should for any reason fail to enter the Order of Final Judgment; or (2) the Court's Order of Final Judgment is reversed then:  (a) this Settlement Agreement will be considered null and void; and (b) neither this Settlement Agreement nor any of the related negotiations or proceedings will have any force or effect and Defendant shall cease to have any obligation to pay any portion of the Gross Settlement Amount to anyone under the terms of this Agreement, and all previous disbursements from the Gross Settlement Amount will immediately be paid back to Defendant by the person or entity who received such disbursement.   However, if:  (a) the Court should, for any reason, fail to approve this Settlement; (b) the Court should, for any reason, fail to enter the Final Order; or (c) the Final Order is reversed, then the Settlement Administration Costs, if any, that have been incurred as a result of the settlement efforts, shall be borne equally by Defendant and Co-Class Counsel.

**D.      Appeal from Order of Final Judgment**

In the event of a timely appeal from the Order of Final Judgment, the Order of Final Judgment will be stayed and the Individual Settlement Payments and any other payments required hereunder by Defendant will be stayed pending the completion and final resolution of the appeal, and any payment thereafter will:  (1) occur only if the Order of Final Judgment is upheld after all

1  appeals; and (2) be in a manner that is provided for in this Settlement Agreement and in the Order of

2  Final Judgment.

3  **IX.    PUBLIC STATEMENTS**

4         Named Plaintiffs, Co-Class Counsel, Defendant, and Defense Counsel will not (1) issue any

5  press release or other media release nor (2) initiate any contact with the press, other media

6  companies or personnel, or any other third parties (excluding their accountants, auditors, or other

7  legal and financial advisors only on an as-needed basis) about the Class Action, including the fact,

8  amount, and/or terms of the Settlement, except that the Parties may communicate with individual

9  Class Members for the purpose of encouraging them to participate in the Settlement.  Named

10 Plaintiffs, Co-Class Counsel, Defendant, and Defense Counsel may only respond to any contact

11 initiated by the press or any other media outlet with a statement along the lines of the following:

12 "The matter resolved to the mutual satisfaction of the parties."  With the exception of the Notice of

13 Class Action, the Notice of Estimated Individual Settlement Payment, any additional information the

14 publishing of which by the Settlement Administrator is necessary for the effective administration of

15 this Settlement, and communications with individual Class Members for the purpose of encouraging

16 them to participate in the Settlement, Named Plaintiffs, Co-Class Counsel, Defendant, and Defense

17 Counsel shall not make any public statements, nor publish any material in any format, including

18 electronically, that discloses the terms of this Settlement or which allows either the parties hereto or

19 any Class Members to be identified.

20 **X.    GENERAL PROVISIONS**

21         **A.    Entire Agreement**

22         This Settlement Agreement constitutes the entire integrated agreement between the Parties

23 relating to the Class Action, and no oral representations, warranties or inducements have been made

24 to any party concerning this Settlement Agreement other than the representations, warranties and

25 covenants contained and memorialized in this Settlement Agreement.

26         **B.    Authorization to Act**

27         Co-Class Counsel warrants and represents that they are authorized by the Class

28 Representatives, and counsel of record for Defendant warrant that they are authorized to take all

- 28 -

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

appropriate action required or permitted to be taken by such Parties pursuant to this Settlement Agreement to effectuate its terms, and to execute any other documents required to effectuate the terms of this Settlement Agreement, including this Settlement Agreement.

**C.    Modification Only in Writing**

This Settlement Agreement may be amended or modified only by a written instrument signed by Counsel for the Parties or all Parties or their successors in interest.

**D.    Binding on Successors**

This Settlement Agreement is binding upon and will inure to the benefit of the Parties to this Agreement, as well as their respective attorneys, past, present, and future predecessors, successors, shareholders, officers, directors, employees, agents, trustees, representatives, administrators, fiduciaries, assigns, insurers, executors, partners, parent corporations, subsidiaries, and related or affiliated entities.

**E.    No Prior Assignments**

The Participating Class Members will be deemed by operation of the Order Granting Final Approval to represent, covenant, and warrant that they have not directly or indirectly assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any liability, claim, demand, cause of action or rights herein released and discharged.

**F.    Governing Law**

All terms of this Settlement Agreement will be governed by and interpreted according to the laws of the State of California, without giving effect to conflicts of laws principles.

**G.    Counterparts**

This Settlement Agreement may be executed in one or more counterparts.  All executed counterparts and each of them will be deemed to be one and the same instrument.  Counsel for the Parties will exchange among themselves signed counterparts.

**H.    Headings for Convenience Only**

The descriptive headings of any paragraphs or sections of this Settlement Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

**I.    Construction of This Agreement**

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

The Parties hereto agree that the terms and conditions of this Settlement Agreement are the result of arms'-length negotiations between the Parties and that this Settlement Agreement will not be construed in favor of or against any Party by reason of the extent to which any Party, or their counsel, participated in the drafting of this Agreement. This Settlement Agreement constitutes the entire agreement between the Parties hereto. Except as expressly provided herein, this Settlement Agreement has not been executed in reliance upon any other oral or written representations or terms and no such extrinsic oral or written representations or terms will modify, vary or contradict the terms of this Settlement Agreement. In entering this Settlement Agreement, the Parties hereto explicitly recognize California Civil Code section 1625 and California Code of Civil Procedure section 1856(a), which provide that a written agreement is to be construed according to its terms and may not be varied or contradicted by extrinsic evidence. The Named Plaintiffs and Defendant participated in the negotiation and drafting of this Settlement Agreement and had available to them the advice and assistance of independent legal counsel. As such, no Participating Class Member or Defendant may claim that any ambiguity in this Settlement Agreement should be construed against the other.

**J.    Corporate Signatories**

Any person executing this Settlement Agreement or any related document on behalf of a corporate signatory hereby warrants and promises for the benefit of all Parties hereto that such person has been duly authorized by such corporation to execute this Settlement Agreement or any related document.

**K.    Representation by Counsel**

All of the Parties hereto acknowledge that they have been represented by counsel throughout all negotiations which preceded the execution of this Settlement Agreement and that this Agreement has been executed with the consent and advice of counsel.

**L.    Attorneys' Fees and Costs**

Except as otherwise provided herein, the Parties hereto will bear responsibility for their own attorneys' fees and costs, taxable or otherwise, incurred by them or arising out of this Class Action and will not seek reimbursement thereof from any Party to this Settlement Agreement.

1    IT IS SO AGREED:

2    **EXECUTION BY PARTIES AND COUNSEL**

3        The Parties and their counsel hereby execute this Agreement.

4
5                            **READ CAREFULLY BEFORE SIGNING**

6    **PLAINTIFFS:**

7
8                                          **John Marin**
9    Dated: 7/2/2018 | 4:12 PM PDT
          _____, 2018      *John Marin*
10                                         Plaintiff John Marin

11                                         **Keyan Bagheri**
12   Dated: 7/3/2018 | 1:33 AM PDT
          _____, 2018
13                                         Plaintiff Keyan Bagheri

14

15   **DEFENDANT:**

16
17                                         **General Assembly Space, Inc.**
18   Dated: _____, 2018
                                           _____
19                                         By:
                                           _____
20                                         Its:

21                                         APPROVED AS TO FORM

22   **ATTORNEYS FOR PLAINTIFFS:**

23                                         **KABATECK BROWN KELLNER LLP**

24   Dated:  July 2, 2018           By: _____
25                                         Shant A. Karnikian

26

27

28
                                   - 31 -
      STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1       IT IS SO AGREED:

2   **EXECUTION BY PARTIES AND COUNSEL**

3       The Parties and their counsel hereby execute this Agreement.

4

5   **READ CAREFULLY BEFORE SIGNING**

6   **PLAINTIFFS:**

7

8                                                         **John Marin**

9   Dated:  _____, 2018

                                                 Plaintiff John Marin

10

11                                                        **Keyan Bagheri**

12  Dated:  _____, 2018

                                                 Plaintiff Keyan Bagheri

13

14

15  **DEFENDANT:**

16

17                                                   **General Assembly Space, Inc.**

18  Dated:  July 2, 2018

                                  By:   H. Scott Kirkpatrick

19                                                     President & Chief Operating Officer

                                Its:

20

21                                    APPROVED AS TO FORM

22  **ATTORNEYS FOR PLAINTIFFS:**

23                                    **KABATECK BROWN KELLNER LLP**

24

25  Dated:  _____, 2018          By:_____

                                          Shant A. Karnikian

26

27

28

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1

2

                                              **LAW OFFICES OF CHARLES L. MURRAY III**

3

Dated: _____, 2018          By:_____

4

                                         Charles L. Murray III

5

                                         Attorneys for Plaintiffs

6

7

**ATTORNEYS FOR DEFENDANT GENERAL ASSEMBLY SPACE, INC.:**

8

9

                                         **DAVIS WRIGHT TREMAINE LLP**

10

Dated: 6/29, 2018          By:_____

11

                                         Janet L. Grumer

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 32 -

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

1

2                                              **LAW OFFICES OF CHARLES L. MURRAY III**

3    Dated: _7/2/2018 | 2:39 PM PDT_, 2018    By: _Charles L. Murray III_____

4                                              Charles L. Murray III

5                                              Attorneys for Plaintiffs

6

7

8    **ATTORNEYS FOR DEFENDANT GENERAL ASSEMBLY SPACE, INC.:**

9                                              **DAVIS WRIGHT TREMAINE LLP**

10   Dated: _____, 2018               By: _____

11                                             Janet L. Grumer

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE OF CLAIMS

# Exhibit A

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**
**AND FINAL APPROVAL HEARING**

| | |
|---|---|
| JOHN MARIN and KEYAN BAGHERI, individuals; on behalf of themselves and all others similarly situated, | ) Case No.: 2:17-CV-05449-SJO-KSx<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| GENERAL ASSEMBLY SPACE, INC., | )<br>) |
| Defendant. | )<br>) |

**TO:** ALL CURRENT AND FORMER INSTRUCTORS ENGAGED BY GENERAL ASSEMBLY SPACE, INC. AS INDEPENDENT CONTRACTOR INSTRUCTORS, WHETHER HIRED AS A BUSINESS ENTITY OR AS AN INDIVIDUAL, INCLUDING WITHOUT LIMITATION ALL IMMERSIVE COURSE INSTRUCTORS, PART-TIME COURSE INSTRUCTORS, CLASSES AND WORKSHOP INSTRUCTORS, AND ASSISTANT OR ASSOCIATE INSTRUCTORS, IN CALIFORNIA FROM JULY 24, 2013 THROUGH THE DATE PRELIMINARY APPROVAL IS GRANTED, OR JUNE 30, 2018, WHICHEVER IS SOONER.

### *Why should you read this Notice?*

A proposed settlement (the "Settlement") has been reached regarding the claims that have been brought in the class action lawsuit (the "Action"). This Notice describes the case and will inform you of your rights and options in connection with the Settlement.

A hearing will be held before the Honorable S. James Otero on _____, 2018 at _____ a.m./p.m. in Courtroom 10C of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012, to determine whether the Settlement should be approved.

> Any questions regarding this Notice or the Opt-Out-Request should be directed to the Settlement Administrator or to Co-Class Counsel.
> **DO NOT CALL THE COURT OR THE CLERK OF THE COURT FOR INFORMATION ABOUT THIS LAWSUIT.**

### *Who is affected by this Settlement?*

The Court has certified, for settlement purposes only, the following class (the "Class"):

All current and former instructors engaged by General Assembly Space, Inc. as independent contractor instructors, whether hired as a business entity or as an individual, including without limitation all immersive course instructors, part-time course instructors, classes and workshop instructors, and assistant or associate instructors, in California from July 24, 2013 through the date preliminary approval is granted, or June 30, 2018, whichever is sooner (the "Class Period").

### *What is this case about?*

In the Complaint, Plaintiffs, as the Class Representatives, allege the following causes of action ("Claims") against Defendant: (1) failure to pay all overtime wages under California law; (2) failure to pay minimum wages under California law; (3) failure to furnish timely and accurate wage statements; (4) failure to pay all wages upon separation; (5) failure to provide and accurately record meal periods or pay premium wages in lieu thereof; (6) failure to provide rest period or pay premium wages in lieu thereof; (7) violation of California's Unfair Competition Law ("UCL") under California Business & Professions Code section 17200, et seq.; and (8) penalties under California's Private Attorneys General Act ("PAGA"). Defendant denies Plaintiffs' claims.

The Settlement is not an admission of liability by Defendant. Rather, it is a compromise and settlement of disputed claims. The Settlement is the result of good faith, arm's-length negotiations between the Class Representatives and Defendant, through their respective attorneys. Both sides agree that, in light of the risks and expenses associated with continued litigation, the Settlement is fair and appropriate under the circumstances and in the best interests of the Class Members. The Court has not ruled on the merits of Plaintiffs' claims nor Defendant's defenses.

*Who are the attorneys representing the Parties?*

The attorneys ("Co-Class Counsel") for Plaintiffs (Class Representatives) in these lawsuits are:

Brian S. Kabateck and Shant A. Karnikian                Charles L. Murray III
Kabateck Brown Kellner LLP                              Law Offices of Charles L. Murray III
644 South Figueroa Street                               444 South Flower Street, Suite 2530
Los Angeles, CA 90017                                   Los Angeles, CA 90071
Telephone: (213) 417-9226                               Telephone: (213) 627-5983

**The attorneys for Defendant General Assembly Space, Inc. are**:

Janet Grumer, Kathryn S. Rosen, and C. Beatrice Nuńez-Bellamy
Davis Wright Tremaine LLP
865 South Figueroa Street
Los Angeles, CA 90017
Telephone: (213) 633-6800

*What are the Settlement terms?*

**Gross Settlement Amount.** Subject to final Court approval, Defendants will pay a total of $1,000,000.00 ("Gross Settlement Amount") for the payment of: (a) the claims; (b) the Court-approved Enhancement Awards to Named Plaintiffs as the Class Representatives; (c) the Court-approved attorneys' fees award and costs award; (d) civil penalties recoverable under California's Private Attorneys General Act ("PAGA"); and (e) the reasonable fees and costs of the Settlement Administrator.

**Class Members' Claims.** After deductions from the Gross Settlement Amount for Court-approved Enhancement Awards to Plaintiffs, PAGA penalties, the Court-approved award to Co-Class Counsel for attorneys' fees and costs, and the costs of administering the Settlement, the Settlement Administrator will make a settlement payment to each Class Member who does not request exclusion from the Settlement from the remaining amount (the "Net Settlement Amount"). Each Class Member will receive a pro rata share of the Net Settlement Amount based on the number of Qualifying Course Weeks and instructor position(s) during the Class Period. Proportional Individual Settlement Payments shall be computed and paid as follows:

      a. Determine the number of Course Weeks Worked in each Course Type by Participating Class Members;
      b. Multiply the number of Course Weeks Worked for Immersive Courses by five (5), then add the product to the number of Part-Time and the number of Workshop Course Weeks Worked;
      c. Divide the Net Settlement Amount by the sum determined in subsection (b); and
      d. Pay Individual Settlement Payments to each Participating Class Member as follows: for each Class Member, the number of Immersive Course Weeks Worked times five (5) plus the number of Part-time Course Weeks Worked plus the number of Workshop Course Weeks Worked, times the product of subsection (c).

Individual Settlement Payments to be paid to each Participating Class Member will be allocated as follows:
- One-third (1/3) will be allocated to wages, subject to applicable withholdings and shall be reported on a form W-2.
- One-third (1/3) will be allocated to interest, not subject to withholdings and shall be reported on a Form 1099; and
- One-third (1/3) will be allocated to penalties, not subject to withholding and shall be reported on a Form 1099.

None of the Parties nor their attorneys make any representations concerning the tax consequences of the Settlement or your participation in it. Class Members should consult with their own tax advisors concerning the tax consequences of the Settlement. Neither the Settlement Administrator nor the attorneys can offer any advice concerning the state or federal tax consequences of the Settlement to any Class Member.

**Class Co-Counsel's Attorneys' Fees and Costs and Administrative Costs.** Co-Class Counsel will ask the Court to award their respective firms attorneys' fees ($333,333.33) and litigation expenses ($25,000) of up to $358,333.33 total. The Class Representatives will also be entitled to receive an Enhancement Award for serving as a Class Representative as well as a portion of the Net Settlement Amount as a Class Member. The costs of administrating the Settlement will be paid out of the Gross Settlement Amount.

*What claims are being released by the Settlement?*

"Participating Class Members" means class members who do not opt out of the Settlement by submitting a valid and timely opt-out request. Each Participating Class Member who does not request exclusion ("Opt-Out") from the Settlement will be deemed to have fully and finally released Defendant and its respective parents, subsidiaries, predecessors, successors, joint venturers affiliates, and assigns, and each of their officers, directors, agents, employees, shareholders, equity holders, insurance companies, attorneys, partners, divisions, , beneficiaries, grantees, transferees, or representatives to the extent they accrued during the Class Period.

**Claims Released by Participating Class Members:** All wage and hour claims that were plead or reasonably could have been plead under the Labor Code and state or local wage and hour laws, based on the facts alleged in the First Amended Complaint, including claims for: any meal period premiums , non-compliant on-duty meal periods; overtime wages; minimum wage violations; rest period premiums; failing to maintain accurate time records; receipt of inaccurate itemized wage statements; failure to pay wages within 72 hours of their termination; waiting time penalties; all claims arising under California Labor Code sections 201, 202, 203, 204, 226(a), 226.3, 226.7, 510, 512, 1194, 1194.2, 1197, 2802, and IWC Wage Order No. 4-2001 secs. 3, 11, 12 and civil and statutory penalties, interest and liquidated damages; and all claims arising under California's Private Attorneys General Act of 2004 (Labor Code sections 2698, et seq.) ("PAGA"). Also released are all related claims for conversion and violation of California Business & Professions Code Section 17200.

*What are my options in this matter?*

You have **ONE of THREE** options under the Settlement:

---

**OPTION 1:   Participate in the Settlement.**

**IN ORDER TO PARTICIPATE IN THE SETTLEMENT AND RECEIVE A CASH PAYMENT, YOU DO NOT HAVE TO DO ANYTHING.  However, if Defendant does not have your Social Security Number because you were paid under a business entity or you otherwise did not provide it, you must complete and return the attached IRS Form W-9.**

You are entitled to dispute the number of Qualifying Course Weeks Worked or Course Type reported on the Notice of Estimated Individual Settlement Payment Form. To dispute this number of Qualifying Course Weeks Worked credited to you or the Course Type reported, you must send written notice to the Settlement Administrator.  **To be valid, your written dispute must be: (1) signed by you; (2) accompanied by satisfactory evidence of the actual weeks worked during the Class Period in each Course Type; (3) mailed by First-Class U.S. Mail to Settlement Administrator at the address provided below and (4) postmarked or delivered on or before _____, 2018.**  If you do not timely submit your dispute of Qualifying Couse Weeks Worked or Course Type (as evidenced by the date of the postmark) or your submission is missing any of the required information, your dispute will be rejected, and you will receive the payment as if you did not submit a dispute as to the number of weeks worked.

---

**OPTION 2:   Opt Out If You Do Not Want to Be Bound by the Settlement.**

If you do **not** want to be part of the Settlement, you must submit a signed written request asking to be excluded from the Settlement ("Opt-Out Request") to the Settlement Administrator. Your Opt-Out Request must include: (1) your full name, (2) your current address, (3) your current telephone number, (4) the last four digits of your Social Security Number and any Federal Employer Identification Number used by you in conjunction with receiving payments from Defendant, (5) a written statement that you wish to be excluded from the Settlement, including reference to the case name and number provided above, and (6) your signature. **To be valid, your Opt-Out Request must contain all items (1) through (6) listed in the preceding sentence, must be mailed by First-Class U.S. Mail (if mailed from within the United States) to the Settlement Administrator at the address provided below, and must be postmarked on or before _____, 2018.**  If you do not timely submit an Opt-Out Request (as evidenced by the date of the postmark) or your submission is missing any of the required information, your Opt-Out Request will be rejected, and you will be deemed a member of the Settlement Class, and you will be bound by the release of Released Claims as described in the "What claims are being released by the Settlement?" section above and all other Settlement terms.  If the Opt-Out Request is mailed from within the United States, it must be sent through the United States Postal Service by First-Class U.S. Mail.  If you timely submit an Opt-Out Request, you will have no further role in the Action, and for all purposes, you will be regarded as if you were never a Class Member. **IF YOU OPT OUT, YOU WILL NOT BE ENTITLED TO ANY PAYMENTS AS A RESULT OF THIS ACTION AND WILL NOT BE ENTITLED TO OR PERMITTED TO ASSERT AN OBJECTION TO THE SETTLEMENT.**

**If you send an Opt-Out Request to the Settlement Administrator by mistake or change your mind, you can still participate in the Settlement if you submit a timely Rescission of Opt-Out Request to the Settlement Administrator.**  Your Rescission of Opt-Out Request must include: (1) your full name, (2) your current address, (3) your current telephone number, (4) the last four digits of your Social Security Number and any Federal Employer Identification Number used by you in conjunction with receiving payments from Defendant, (5) a statement that you wish to rescind your request for exclusion from the Settlement in this Action, including reference to the case name and number provided above. **To be valid, your Rescission of Opt-Out Request must be mailed to the Settlement Administrator and must be postmarked on or before _____, 2018.**

---

**OPTION 3:   Object to the Settlement.**

If you believe the Settlement is unfair or inadequate in any respect, you may object to the Settlement, either personally or through an attorney (at your own expense), by mailing a written objection to the Settlement Administrator at its address provided below.  **YOU CANNOT OBJECT TO THE SETTLEMENT IF YOU OPT OUT OF THE SETTLEMENT.**

All objections must be signed and set forth your name, address, telephone number, and the name and number of the Action.  All objections must be mailed to the Settlement Administrator by First-Class U.S. Mail, no later than _____, 2018, as evidenced by the postmark.  If you submit a timely objection, you may appear, either personally or through an attorney (at your own expense), at the Final Approval Hearing discussed below, provided that your objection states your intention to appear at the Final Approval Hearing.  Your objection must clearly state (1) the case name and number, (2) in clear and concise terms a statement of the reasons why you believe that the Court should find that the proposed Settlement is not in the best interest of the Class and the reasons why the Settlement should not be approved, including the legal and factual arguments supporting the objection and (3) whether you or someone on your behalf intends to appear at the Final Approval Hearing.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections and shall forever be foreclosed from objecting to the fairness or adequacy of the Settlement, the payment of attorneys' fees, litigation expenses, the Enhancement Payment to the Class Representative, the claims process, and any and all other aspects of the Settlement.  **EVEN IF YOU FILE AN OBJECTION, AS LONG AS YOU DO NOT OPT OUT OF THE SETTLEMENT, YOU WILL RECEIVE A CASH PAYMENT IF THE COURT OVERRULES YOUR OBJECTION AND GIVES FINAL APPROVAL TO THE SETTLEMENT.**

---

### *What is the next step in the approval of the Settlement?*

The Court will hold a Final Approval Hearing on the fairness and adequacy of the Settlement, the Plan of Distribution, Co-Class Counsel's request for attorneys' fees and costs, the settlement administration costs, and the Enhancement Payments to the Class Representatives on _____, 2018 at _____ a.m./p.m. in Courtroom 10C of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012.  The Final Approval Hearing may be continued without further notice to Class Members.  You are not required to attend the Final Approval Hearing.

### *How can I get additional information?*

You may review the Court's files, including the detailed Settlement Agreement, which will be on file with the Clerk of the Court located at the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California 90012. You can also review the Joint Stipulation on the Settlement Administrator's website at: _____ [ADMIN'S WEBSITE].   You may also call the Settlement Administrator toll-free at _____ [ADMIN'S NUMBER].  And you may call Co-Class Counsel, Shant A. Karnikian, at (213) 217-5000.

### *What is the Settlement Administrator's mailing address?*

**The Settlement Administrator's address is**:

Marin v. General Assembly Administrator

_____
_____ [ADMIN'S ADDRESS]

---

All Opt-Out Requests, Rescissions of Opt-Out Requests, Objections, address changes, and all other correspondence intended for the Settlement Administrator must be mailed to the Settlement Administrator's address provided in this section.

---

### *What happens if my address has changed or changes or I need to update my address?*

**If your address changes or is different from the one confirmed or provided on the preprinted Class Notice, you must notify the Settlement Administrator**.  Co-Class Counsel do not have a duty under the terms of the Settlement to conduct any research to locate a new address, even if a Notice is returned as undeliverable.  The Settlement Administrator does not have a duty under the terms of the Settlement to conduct any research to locate a new address unless this Notice is returned to sender or returned as not deliverable or a settlement payment check is returned to sender or returned as not deliverable.

# Exhibit B

[CLASS MEMBER NAME]
[CLASS MEMBER ADDRESS]

**NOTICE OF ESTIMATED INDIVIDUAL SETTLEMENT PAYMENT**

Re:    *John Marin, et al. v. General Assembly Space, Inc.* (Case No. 2:17-CV-05449-SJO-KSx);

United States District Court, Central District of California

Dear Class Member:

Settlement Payments are computed and paid as follows:

a. Determining the number of Course Weeks Worked in each Course Type by Participating Class Members;

b. Multiplying the number of Course Weeks Worked for Immersive Courses by all potential Class Members by five (5), then add the product to the number of Course Weeks Worked for Part-Time Courses and Classes and Workshops by all potential Class Members;

c. Dividing the Net Settlement Amount by the sum determined in subsection (b); and

d. Distributing Individual Settlement Payments to each Participating Class Member as follows: the number of Immersive Course Weeks Worked by such Participating Class Member times five (5) plus the number of Couse Weeks Worked for Part-Time Courses and Classes and Workshops by such Participating Class Member, times the quotient of subsection (c).

Based on the Net Settlement Amount of approximately $[ESTIMATE NET SETTLEMENT AMOUNT] available to Class Members, your estimated pro rata share of the settlement will be **$<<EstSet>>**. In accordance with the formula above, this figure is calculated as follows:

| ((<<Total Class Course Weeks Worked for Immersive Courses>> X 5) + <<Total Class Course Weeks Worked for Part-Time Courses>> + <<Total Class Course Weeks Worked for Classes and Workshops>>) | X | $<<Net Settlement Amount>> ((<<Course Weeks Worked for Immersive Courses by Class Member>> x 5) + <<Course Weeks Worked for Part-Time Courses by Class Member>> + <<Course Weeks Worked for Classes and Workshops by Class Member>>) |
|---|---|---|

The number of each Class Member's credited Course Weeks Worked in each Course Type is based on Defendant's records of weeks that you worked for Defendant in any Course Type at any time from July 24, 2013 through the date preliminary approval is granted, or June 30, 2018, whichever is sooner.

Please note that this figure is **only an estimate** and may be higher or lower than as stated in this letter, based on rulings made by the Court during the settlement approval process and the number of individuals participating in the class action Settlement.

You are entitled to dispute the number of Course Weeks Worked and/or Course Type credited to you for your work for Defendant between July 24, 2013 and the date preliminary approval is granted, or June 30, 2018, whichever is sooner.  To dispute the number of Course Weeks Worked and/or Course Type credited to you, you must send written notice to the Settlement Administrator in accordance with all terms set forth in the Notice of Proposed Class Action Settlement and Final Approval Hearing.  If you do not follow those procedures, your dispute will be rejected.

Sincerely,

Settlement Administrator