FILED
CLERK, U.S. DISTRICT COURT
November 26, 2018
CENTRAL DISTRICT OF CALIFORNIA
BY: ____VPC____ DEPUTY

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MARIN and KEYAN BAGHERI, individuals; on behalf of themselves and all others similarly situated,<br>Plaintiffs,<br><br>v.<br><br>GENERAL ASSEMBLY SPACE, INC.,<br>Defendant. | Case No.: 2:17-CV-05449-SJO-KSx<br><br>**FINAL JUDGMENT** |

A Fairness Hearing was held before this Court on November 26, 2018, to consider, among other things, whether the Settlement Agreement ("Settlement Agreement" or "Settlement") between Plaintiffs John Marin and Keyan Bagheri (the "Class Representatives" or "Named Plaintiffs") and Defendant General Assembly Space, Inc. ("Defendant" or "General Assembly") (collectively the "Parties"), represents a fair, reasonable and adequate compromise of the action. Having considered the evidence submitted and argued by the Parties, and any objections to the Settlement submitted,

**GOOD CAUSE APPEARING, IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

The Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used in this Final Judgment will have the same meanings as set forth in the Settlement Agreement, unless otherwise defined in this Final Judgment.

This Court has jurisdiction over the subject matter of the Action, the Class Representatives, the Settlement Class, and Defendant. Final approval of the Settlement, and entry of a final judgment an order of dismissal is hereby **GRANTED**.

This Court finds that the Settlement Agreement is the product of good faith arms-length negotiations by the Parties, each of whom was represented by experienced counsel.

The Court finds that the class proposed for purposes of the Settlement meets the requirements of Fed. R. Civ. P. 23(a), and 23(b)(2) and (3), and hereby certifies a Settlement Class in the Action as follows:

> All current and former instructors engaged by General Assembly Space Inc. as independent contractor instructors, whether hired as a business entity or as an individual, including without limitation all immersive course instructors, part time course instructors, classes and workshop instructors, and assistant or associate instructors, in California from July

24, 2013, through the date preliminary approval is granted, or June 30, 2018, whichever is sooner.

The Court approves all terms set forth in the Settlement Agreement and the Settlement reflected therein, and finds that such Settlement is, in all respects, fair, reasonable, adequate and in the best interests of the Settlement Class Members, and the Parties to the Settlement Agreement are directed to consummate and perform its terms.

The Parties dispute the validity of the claims in this matter, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement Agreement to be fair, reasonable, adequate, and in the best interests of the Settlement Class Members. Beyond facing uncertainty regarding the resolution of those issues, by continuing to litigation the Settlement Class Members would also face the challenge of surviving an appeal of any class certification order entered in the Action, and any other adverse rulings rendered at trial.

Co-Class Counsel has reviewed the Settlement Agreement and finds it in the best interest of the Settlement Class Members. For all these reasons, the Court finds that the uncertainties of continued litigation in both the trial and appellate courts, as well the risk and expense associated with it, weigh in favor of approval of the Settlement reflected in the Settlement Agreement.

Any request to intervene in this matter and/or the Settlement Agreement that is filed after the date this Judgment is entered shall be and hereby is deemed untimely.

The Court finds that the Notices provided for in the Order of Preliminary Approval of Settlement have bene provided to the Settlement Class and the Notices provided to the Settlement Class constituted the best notice practicable under the circumstances, and was in full compliance with the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, the United States Constitution, and any other applicable law. The Notices apprised the members of the Settlement Class of the pendency of the litigation, of all material elements of the proposed

Settlement, including but not limited to the relief afforded the Settlement Class under the Settlement Agreement, of the *res judicata* effect on members of the Settlement Class and of their opportunity to object to, comment on, or opt-out of the Settlement; and of the right to appear at the Fairness Hearing. Full opportunity has been afforded to members of the Settlement Class to participate in this Fairness Hearing. Accordingly, the Court determines that all Settlement Class Members are bound by this Final Judgment in accordance with the terms provided herein.

This action is dismissed with prejudice, and without costs to any party, except as provided for in the Settlement Agreement and in this Final Judgment.

In accordance with sections I.CC. and III.A. of the Settlement Agreement, upon entry of this Final Judgment, all Participating Class Members will be deemed to have completely released and forever discharged the Released Parties from all wage and hour claims that were led or reasonably could have been pled under the Labor Code and state or local wage and hour laws, based on the facts alleged in the First Amended Complaint, including claims for: any meal period premiums, non-compliant on-duty meal periods; overtime wages; minimum wage violations; rest period premiums; failing to maintain accurate time records; receipt of inaccurate itemized wage statements; failure to pay wages within 72 hours of their termination; waiting time penalties; all claims arising under California Labor Code section 201, 202, 203, 204, 226(a), 226.3, 226.7, 510, 512, 1194, 1194.2, 1997 2802 and IWC Wage Order No. 4-2001 secs. 3, 11, 12 and civil and statutory penalties, interest and liquidated damages; and all claims arising under the California's Private Attorneys General Act of 2004. Also released are all related claims for conversion and violation of California Business and Professions Code section 17200.

In accordance with section III.C of the Settlement Agreement, upon entry of this Final Judgment, the Named Plaintiffs do hereby, for themselves and their spouses, heirs, successors, and assigns, forever release the Released Parties from any and all charges, complaints, claims, liabilities, obligations, promises, agreements,

controversies, damages, action, causes of action, suits, rights, demands, costs, losses, debts, and expenses (including back wages, penalties, liquidated damages, and attorneys' fees and costs actually incurred) of any nature whatsoever, from the beginning of time through the Effective Settlement Date, known or unknown, suspected or unsuspected, including but not limited to all claims arising out of, based upon, or related to their relationship with Defendant or the renumeration for, or, as applicable, termination of, such relationship. Without limiting the generality of the foregoing, Named Plaintiffs expressly release all claims or rights arising out of alleged violations of any contracts, express or implied (including but not limited to any contract of employment and/or independent contractor agreement); any contract or covenant of good faith or fair dealing (express or implied); any tort, including negligence, fraud, misrepresentation under California Labor Code section 970, negligent infliction of emotional distress, intentional infliction of emotional distress, and defamation; any "wrongful discharge," "constructive discharge," and "retaliation" claims; any claims relating to any breach of public policy; any legal restrictions on Defendant's right to discharge employees or refuse to hire applicants; and any federal, statute, or other governmental statute, regulation or ordinance, but excluding all claims brought for workers' compensation benefits. However, this paragraph does not release General Assembly from its obligations under this Judgment.

Section III.C. shall not have any effect on John Marin's ability to enforce the separate negotiated Settlement Agreement dated June 29, 2018, between John Marin and General Assembly Space, Inc. in the case titled *John Marin v. General Assembly Space, Inc.*, Case No. BC697481, filed in the Superior Court of the State of California County of Los Angeles and alleging claims of (1) breach of written contract; (2) breach of covenant of good faith and fair dealing; (3) wrongful termination against public policy; (4) disparate treatment (Cal. Gov't Code section 1940(a)); (5) retaliation (Cal. Gov't Code section 12940(h); (6) disability discrimination; (7) failure to provide a reasonable accommodation (Cal. Gov't Code section 12940(m)); (8)

5
[PROPOSED] FINAL JUDGMENT

failure to engage in interactive process (Cal. Gov't Code section 12940(n)); (9) failure to prevent harassment, discrimination, retaliation (Cal. Gov't Code section 12940(k)); (10) violation of the Americans with Disabilities Act (1990); (11) violation of the California Unruh Act (Cal. Civ. Code section 51)); and (12) violation of the California Disable Persons Act (Cal. Civ. Code section 54)).

It is the intention of the Parties and Participating Settlement Class Members that, upon the Effective Settlement Date, each of the Class Representatives and all Participating Settlement Class Members shall be deemed to have, and by operation of the Final Judgment shall have, expressly all rights and benefits afforded by Section 1542 of the California Civil Code as to any claims they do not know or suspect to exist in their favor against any of the Released Parties and do so understanding the significant of that waiver.

> Section 1542. A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

The above Section 1542 waiver shall not have any effect on John Marin's ability to enforce the separate negotiated Settlement Agreement dated June 29, 2018, between John Marin and General Assembly Space, Inc. in the case titled *John Marin v. General Assembly Space, Inc.*, Case No. BC697481, filed in the Superior Court of the State of California County of Los Angeles and alleging claims of (1) breach of written contract; (2) breach of covenant of good faith and fair dealing; (3) wrongful termination against public policy; (4) disparate treatment (Cal. Gov't Code section 1940(a)); (5) retaliation (Cal. Gov't Code section 12940(h); (6) disability discrimination; (7) failure to provide a reasonable accommodation (Cal. Gov't Code section 12940(m)); (8) failure to engage in interactive process (Cal. Gov't Code section 12940(n)); (9) failure to prevent harassment, discrimination, retaliation (Cal.

Gov't Code section 12940(k)); (10) violation of the Americans with Disabilities Act (1990); (11) violation of the California Unruh Act (Cal. Civ. Code section 51)); and (12) violation of the California Disable Persons Act (Cal. Civ. Code section 54)).

Neither this Final Judgment nor the Settlement Agreement will constitute or be considered an admission by or on behalf of either Defendant or any Released Party, of any wrongdoing or liability or of the accuracy of any allegation made in connection with the Class Action or in any other matter.

Pursuant to Federal Rule of Civil Procedure Rule 23, the Settlement Agreement will be enforceable by the Court. This Court will have and retain continuing jurisdiction over the Class Action and over all Parties and Class Members, to the fullest extent necessary or convenient to enforce and effectuate the terms and intent of the Settlement Agreement and all matters provided for in it, and to interpret it.

The Parties have so agreed, good cause appearing, and there being no just reason for delay, it is expressly directed that this Final Judgment and order of dismissal with prejudice be, and hereby is, entered as a final and appealable order.

IT IS SO ORDERED.

*S. James Otero*

DATED: 11/26/18

JUDGE OF THE DISTRICT COURT